No. 9190.

NEW ORLEANS WATER-WORKS COMPANY vs. JOSEPH OSER & Co.

Where the plaintiff in an injunction alleges that the acts complained of will cause him an irreparable injury, and the facts set forth in the petition fully confirm such averment, the judge is without authority or discretion to dissolve the injunction on bond.

And though the motion to dissolve denies the alleged injury and sets up matters that justify the acts enjoined, and evidence is offered to establish the same, such evidence on the trial of the motion is not admissible. It constitutes a defense to the action. and such defense and the evidence to support it must be deferred to the trial on the merits and cannot be allowed at that preliminary stage of the cause.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Breaux & Hall* for Plaintiff and Appellee.

*W. S. Benedict* and *B. K. Miller* for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. The defendants appeal from an order refusing to dissolve, on bond, an injunction taken out by the plaintiff against them.

The plaintiff's petition alleges: "That defendants are erecting and constructing and propose to operate a nuisance wharf at the foot of Robin street, in this city, and on the bank of the Mississippi river, a nuisance wharf to be used by them for the sole purpose of discharging therefrom into nuisance boats, and *into the river adjacent thereto*, night soil, fæcal and stercoraceous matter; that petitioner's pipes for drawing its supply of water for municipal distribution from the river, enter the said river within such close proximity to said nuisance wharf as to make the pollution of the supply of water for the use of the city absolutely certain, should said wharf be used as is now contemplated; that the said threatened pollution of the water is aggravated by the fact that an eddy in the river extends from the foot of said Robin street and from said nuisance wharf to petitioner's said supply pipes, which eddy prevents the general distribution and diffusion of impurities which might fall from said wharf into the river, and which, in the operation of said wharf and boats, *must necessarily so fall*.

"That the operation of said wharf and boats will, if permitted, by filling the atmosphere with noxious and noisome exhaltations and stenches disturb petitioner's comfortable enjoyment of its works and buildings and prevent the proper use and employment thereof by its officers and employees; that such use of the said wharf would amount to a nuisance; that petitioner's rights to pure air and the comfortable enjoy-

ment of its said property are incidents thereto and to its chartered franchise, annexed to and parts of them, and are as sacred as its right to said property and charter; and that its threatened deprivation as aforesaid by defendants would constitute a nuisance and be such a taking of petitioner's rights and property as no municipal or legislative action could lawfully permit without due compensation; *that defendants have never been legally authorized to construct said wharf, and that the construction thereof is illegal and unauthorized* and the construction itself a nuisance which petitioner is permitted to enjoin; that the construction and use aforesaid of said nuisance wharf would operate against petitioner an irreparable injury."

The defendants sought by rule to have the injunction dissolved on bond, under the provisions of Act 307 C. P., on the following allegations: "That the acts complained of by plaintiffs could not cause to them an irreparable injury, nor any injury; that the location of the nuisance wharf and boat complained of in the petition was fixed by ordinance of the city of New Orleans, after consultation between the chairman of the health committee and the superintendent of the Water-works Company; that defendants were awarded the contract for constructing said nuisance wharf by said City Council, under the authority of said ordinance by authentic act before J. D. Taylor, notary public, of date November 7, 1883.

These facts were supported by the affidavit of the chief of defendants' firm.

On the trial of the rule, defendants offered evidence to support the allegations thereof, which were objected to upon the ground that on a motion to dissolve the injunction, upon bond or otherwise, no evidence is admissible, because for the purpose of the motion to dissolve, all of the allegations in the petition of injunction must be taken for true, and that no issue of fact, on a motion to dissolve an injunction, either by bond or otherwise, can be tried, the plaintiff in injunction having the right to have all such issues decided upon a regular trial, and if necessary by a jury.

This objection was sustained and judgment rendered dismissing the rule.

The Code of Practice, art. 307, provides that:

" Whenever the act prohibited by the injunction is not such as may work an irreparable injury, the court may, in their discretion, dissolve the same, provided, the defendant execute his obligation in favor of the plaintiff * * * for such sum as the court may determine," etc.

A careful reading of the petition can leave no doubt that there is disclosed a sufficient cause for an injunction, and that the injury to be apprehended from the acts of the defendants complained of would certainly be irreparable.

And there is as little doubt that the allegations made in the motion or rule to dissolve make a direct issue with the averments of the petition. It is denied therein that there is any injury whatever, and the acts against which the injunction is directed are admitted and justified as being done under competent authority. In other words, the motion is in all essential respects an answer to the merits. To admit evidence on the issues thus raised and to try the same would be virtually a trial of the case on the merits.

We cannot conceive that there is any law to authorize this summary and perhaps final disposition of the cause in this preliminary stage of it. The articles of the Code of Practice evidently do not justify it.

They clearly warrant the conclusion that whilst the judge is not bound by the simple averment that the injury apprehended from the acts complained of would be irreparable, as we before had occasion to state, yet, where the facts alleged and sworn to, appearing on the face of the petition, in his judgment fully justify the averment or proposition that the injury is irreparable, he is without authority to dissolve the injunction on bond—and that any denial of the injury or its character, or any and all matters that seek to justify the acts or wrongs charged, must be deferred for trial on the merits and cannot be considered at this preliminary stage of the cause and evidence considered that seeks to maintain them.

This conclusion we think is supported by ample authority. 26 A. 604; 34 A. 1181. See also, 21 A. 468; 29 A. 58.

Judgment affirmed, with costs.