## No. 9239.

THE STATE EX REL. P. H. SEGURA VS. CONRAD DEBAILLON, JUDGE.

The test of the right to dissolve an injunction on bond is the nature and extent of the injury wrought by the injunction. If irreparable, that is if not compensable by money, dissolution on bond is not permissible. If reparable, the injunction may be dissolved on bond.

Where the injunction forbids the taking possession of an office or the exercise of its functions, no difference exists *quoad* the right to dissolve between that and the ordinary objects of injunctions.

PPLICATION for Mandamus.

*Breaux & Hall* and *E. Simon* for the Relator.
*R. S. Perry* for the Respondent.

The opinion of the Court was delivered by

MANNING, J.   Segura and Wakefield were candidates for the clerkship of the District Court for Iberia at the election of last spring. Wakefield was returned as elected and was commissioned on May 22d. On the 10th of that month Segura had filed suit contesting the election of Wakefield on sundry grounds therein set forth, and on the 14th he filed a supplemental petition alleging that he feared Wakefield would take possession of the office and its records and emoluments, to prevent which he prayed and obtained an injunction forbidding those acts.   The writ issued on a bond of three hundred dollars.   The emoluments are alleged to be worth two thousand one hundred dollars. Segura was the incumbent of the term then expiring.

The injunction continued in operation until August 16th when Wakefield obtained a dissolution of it on a bond of same amount as the injunction-bond.   On the 20th of same month Segura prayed a

State ex rel. Forman vs. Judges.

suspensive appeal from this order of dissolution, which being refused he prayed from this court a mandamus to compel the district judge to grant the appeal, and to the alternative writ issued at his instance the respondent judge has answered and has thus presented the issue now before us.

The test of the right to dissolve an injunction on bond is the nature and extent of the injury wrought by the injunction. If irreparable, that is if not compensable by money, dissolution on bond is not permitted and hence the converse is true, the injunction may be dissolved on bond if compensable by money. Where the injunction forbids the taking possession of an office or the exercise of its functions, no difference exists *quoad* the rights to dissolve between that and the ordinary objects of injunction-suits. Dissolution has been maintained where the right to act as pilot was claimed, Osgood v. Black, 33 Ann. 493; where the exclusive privilege of slaughtering animals was sought to be protected, Cres. C. Slaughter Ho. Co. v. Butchers' Union, Ibid. 930; and again in relation to pilots in Levine v. Michell, 34 Ann. 1181 where a full array of authorities are marshalled. We applied it where the shrievalty of Iberia was in contest when the rival claimants were candidates at the same election with the present claimants of the clerkship. State ex rel. Mestayer v. Debaillon, not yet reported.

In all of these cases an appeal was denied from the order of dissolution because the injury resulting therefrom was reparable, and this case falls under the same rule.

The writ is refused.