NEW ORLEANS, APRIL, 1900. 1065

State ex rel. Morgan's La. & Tex. R. R. and Steamship Co. vs. Judge.

No. 13,445.

STATE EX REL. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAM-
SHIP CO. VS. T. C. W. ELLIS, JUDGE OF DIVISION "A," CIVIL
DISTRICT COURT.

### SYLLABUS.

1. If it be true that under the guise of an ordinance to rearrange the street
railway tracks on Canal street, New Orleans, the better to subserve the pub-
lic safety and convenience, an attempt is made to donate valuable additional
franchises to one of the companies maintaining a track on part of said
street, and that what is thus sought to be done is in excess of the powers of
the municipal Council, any citizen and tax-payer has a standing in court to
contest that part of the ordinance in which is included the alleged disguised
franchise grant.

2. Whether it has a new grant, and, if so, whether the same is valid, are mat-
ters of defense more particularly to be urged by the street railway company
asserting the same, and, accordingly, the bringing of the suit against it
alone suffices.

3. A petition, duly verified by oath, containing averments of the unauthorized
grant of a public franchise and the *ultra vires* character of the ordinance
under which the franchise is claimed, and alleging interest as tax-payer and
injury to the rights and holdings of the petitioner, presents a sufficiently
good *prima facie* case to warrant the injunction *pendente lite* asked for.

APPLICATION for Writ of *Mandamus*.

*Denegre, Blair & Denegre* for Relator.

Respondent Judge *pro se*.

The opinion of the court was delivered by

BLANCHARD; J. The relator presented a petition to the Civil
District Court, Parish of Orleans, setting forth its creation and
organization as a Louisiana corporation engaged in the operation of
steam railway and steamship lines for the transportation of com-
modities the interchange of which constitutes interstate, foreign and
domestic commerce.

That as part of and necessary to its transportation business it had
established and maintains in the City of New Orleans freight and
passenger depots, sheds, warehouses, buildings; ferries across the
Mississippi river, ferry landings, freight yards, etc., connecting the
same with and by appropriate tracks, switches, etc.

That among its tracks, so connecting as aforesaid, is a single track extending along the levee from the foot of Elysian Fields street to the foot of Girod street, which is the sole connecting link and line of communication between its depots and yards south of Canal street with its depots and ferry landings north of Canal street, over which line there are transported about 150,000 bales of cotton, about 200,000 barrels of sugar, and about 500,000 sacks of rice, each season, besides a very large amount of other and miscellaneous freight.

That the single track aforesaid is barely sufficient for the vast amount of traffic which has to run over it—is in constant use, an average of five trains per hour, with from 20 to 30 cars each, passing over it every day.

That any new servitude or other grant by the City of New Orleans which would interfere with the free use of this track, or hamper or retard the movement of trains over it, would cause petitioner irreparable injury, and would, besides, greatly injure the commerce of the city.

That the St. Charles Street Railroad Company, a Louisiana corporation, domiciled in the City of New Orleans, legally acquired in 1881 from said city the franchise and right of way for the operation of lines of street railway over certain well defined routes, which are described, and has been all these years and still is operating a street car system over the lines so acquired.

That recently the City Council adopted an ordinance, No. 15,254, Council Series, approved May 3, 1898, authorizing and directing a re-arrangement of the car tracks on Canal street, the object of which is to reduce the number of street railway tracks on that thoroughfare, and to reduce the risk and danger of the operation of cars thereon. But that there was interpolated into this ordinance a free grant or donation to the St. Charles Street Railroad Company of the valuable and important franchise of operating a street railway on Canal street from St. Charles street to the ferry landing on the Mississippi river at the head of Canal street, a distance of over 2,500 feet; that this franchise was attempted to be conferred on said company by changing the description or definition of its Dryades and Rampart line so that, instead of running up Canal street from Rampart to St. Charles street, and then up St. Charles street, it is authorized to run up Canal street from Rampart clear to the ferry landing aforesaid, and then back to St. Charles street and up that street; that said gift or donation of said franchise had no necessary or proper connection

with the proposed re-arrangement of tracks on Canal street, and instead of decreasing, increases the number of lines on that street, and enlarges instead of minimizing the danger to the public from the operation thereof; that it is not only foreign to but inconsistent with the legitimate purposes of said ordinance and is simply a disguised donation of a valuable franchise attempted to be made under the guise of an exercise of the police power; and that an injunction restraining this illegal portion of the ordinance will not interfere with the legitimate objects of the ordinance, or with the exercise of the police power of the city in re-arranging the existing tracks on Canal street.

That the St. Charles Street Railroad Company, under the supposed authority of the ordinance aforesaid, is about to construct and operate an electric street railway along Canal street from St. Charles street to the ferry landing and back to St. Charles street and, in so doing, to cross twice the single track of petitioner on the levee at the head of Canal street, and will do this, and will cut the rails of petitioner's track and put in two crossings, to petitioner's great and irreparable injury, unless restrained by the action of the court.

The further allegation is made that the complainant company is a tax-payer and citizen of New Orleans, paying taxes in a sum exceeding $45,000 per annum, and that it has the right, as such tax-payer, to seek judicial annullment of ordinances of the City of New Orleans which are illegal and detrimental to the interest of taxpayers. Further, that as owner of the track along the levee at the head of Canal street, and of the right granted by the Legislature to the use and enjoyment of said tracks, it has a standing in court to attack the legality of the ordinance aforesaid and to contest the legality and validity of the rights claimed thereunder by the St. Charles Street Railroad Company.

It is, further, averred that that part of the ordinance which attempts to give to the latter company the franchise to construct and operate a street railway along Canal street from 'St. Charles street to the ferry landing is null and void, (1) because it is beyond the power of the City Council, and violative of law, to donate or give away any street railway franchise, and that the franchise claimed by the St. Charles Street Railroad Company to construct and operate a street car line along Canal street from St. Charles street to the ferry landing could be acquired only after public advertisement and by public adjud-

ication in accordance with the provisions of the city charter; (2) because, so far as it attempts to confer a franchise for the construction and operation of a street railway across the tracks of the steam railways which pass along the levee at the head of Canal street, including that of petitioner, to a terminus at the ferry landing, said ordinance is unreasonable and oppressive and a serious impairment of the rights of petitioner.

It is, further, set forth that if that part of the ordinance complained of is not null and void and if it confers the rights claimed thereunder by the St. Charles Street Railroad Company, still that company has no right to enter upon the track of petitioner, cut the rails thereof, put crossings therein, or cross the same, as it is about to do, without previous compensation for the damages that will thereby be occasioned petitioner; that it must first proceed by due and proper expropriation proceedings to condemn, etc., and the allegation is made that by such crossing, etc., complainant will be damaged in a sum exceeding $100,000.

These various averments are set out in the petition with much of detail and elaboration.

The prayer is for judgment decreeing that portion of the city ordinance complained of null and void and perpetually enjoining the St. Charles Street Railway Company from constructing or operating a line of street railway as authorized by the same; and in the event the court should hold that the said ordinance, or part of ordinance, is not wholly void, and that the St. Charles Street Railway Company has the legal right thereunder to construct its street railway to a terminus at the ferry landing, then it is prayed, in the alternative, that a decree be made enjoining the said company from entering upon the track of petitioner, and from building its line across the same, until previous satisfactory compensation for the damage and injury to be occasioned, shall have been paid.

A preliminary injunction was asked restraining the street railway company, its officers and agents, in the premises until the further orders of the court.

This petition, duly verified by oath, was presented to the judge of Division "A" of the Civil District Court, with the request for an order for the preliminary injunction. Whereupon he indorsed on the petition a rule nisi directing the defendant corporation to show cause at a time named, why the injunction should not issue.

After hearing on this rule, the judge made an order as follows: "The preliminary injunction, *pendento lite,* is refused."

The relator then applied to this court for its writ of *mandamus* to compel the granting of the order for injunction, and this application is now before us.

The controversy as to the right to the preliminary injunction seems to have been determined and refused, in the court below, on the face of the papers and argument submitted.

The case, as made up for this court, consists of the petition for the writ of *mandamus,* a copy of the petition presented to the court below, together with various exhibits such as: Copies of the city ordinances relevant to the controversy, and a copy of the sale of street railway franchises to the St. Charles Street Railway Company made by the city in 1881.

The answer of the respondent judge in effect is (1) that the city ordinance re-arranging the street railway tracks on Canal street for the public convenience was not regarded, in his view, as a franchise, or as an addition, in any wise, to the grants made to the defendant company, or any other street railway company operating lines on Canal street, and, hence, no cause of complaint arises to relator as a tax-payer since no increased burdens of expense are to fall upon the city of an unreasonable or unwarranted nature; (2) that the ordinance sought to be enjoined, while adopted by the Council and promulgated, is not an *executed* ordinance, and the City of New Orleans has such an interest that she should be made a party to the proceedings; (3) that on the face of the papers nothing was seen in the nature of apprehended or impending injury or damages to the relator sufficient to justify the writ of injunction; that relator's rights on the public streets are subject to the general police powers and are not exclusive to such an extent as to prevent the city from authorizing other lines of railway to cross its tracks at street intersections.

Considering the averments of the petition for the writ of injunction presented to the court below, and of the petition for *mandamus* presented here, all of which, for the purposes of this trial, must be taken as true, and none of which have been sought to be contradicted, we are of the opinion that relator has made out a sufficient *prima facie* case and is entitled to the relief he asks.

Carre *et al.* vs. Judge, 43 La. Ann. 1134; 30 La. Ann. 795; 36 La. Ann. 918; 34 La. Ann. 784.

While it is true that the relator's rights on the public streets are subject to the general police powers and are not exclusive, we do not think those questions properly arose for consideration and determination on the application for the injunction *pendente lite.*

If it be true that under the guise of an ordinance to re-arrange the street railway tracks on Canal street, the better to subserve the public safety and public convenience, an attempt is made to donate valuable, additional franchises to one of the companies maintaining a track on a part of said street, and that what is thus sought to be done is in excess of the powers of the municipal council, any citizen or tax-payer has a standing in court to contest that part of the ordinance in which is included the disguised franchise grant.

As we read the ordinance referred to, that part of it providing for the re-arrangement of the tracks on Canal street is easily distinguishable from, and not at all affected by, the other part wherein it is claimed by the relator the disguised franchise grant lurks.

The one part of the ordinance, that relating to the re-arrangement of the tracks, is not contested; the other part, that claimed to involve the grant, is.

Whether it has a new grant, and, if so, whether the same is valid, are matters of defense more particularly to be urged by the St. Charles Street Railway Company, and, accordingly, the bringing of the action against it alone would seem to suffice. It raises a judicial question properly determinable in a suit against that company to prevent it from exercising rights claimed under that part of the ordinance contested. To such a suit, or in the determination of such a question, the City of New Orleans is not a *necessary* party. No relief is sought, no judgment asked, against it.

The courts of the country are frequently called upon to exercise their authority in restraint of legislative bodies—to prevent them from transcending their powers. This function of the courts is in most cases, indeed almost invariably, exercised in suits between individuals, and frequently by action to prevent the doing of some act authorized by an *ultra vires* ordinance, or unconstitutional statute.

See Railroad vs. Watkins, 48 La. Ann. 1550.

It is not intended here to go into the merits of the controversy raised, nor to decide any of the questions involved therein, further than is necessary to hold that a case is made out for the preliminary writ of injunction sought. All rights to all parties are reserved.

Let the writ of *mandamus* issue as prayed for at the cost of the respondent.

The CHIEF JUSTICE, dissenting, handed down a separate opinion.

MR. JUSTICE MONROE, also dissenting, concurred with the Chief Justice.