BREAUX, C. J.
The sole question in this case is: Has plaintiff the right of appeal from an order rendered by the judge of the district court dissolving the writ of injunction on bond?
In June of this year plaintiff brought suit for a writ of injunction directed to the defendants, the Heywood Oil Company and Ben Baird, for the purpose of prohibiting them from operating boilers placed by the latter on a tract of land described as follows in the petition:
“Situated in the parish of Acadia, being the N. Q. of section 47, known as the Anthony Cock-ran claim, excepting therefrom two acres of the N. W. corner of the tract, and excepting therefrom certain tracts in which the syndicate has an interest by royalty or otherwise, but on which its interest is less than four-fifths.”
Moreover, the petitioner prays for the removal of the building and boilers from the land and for the ending of all other asserted interference.
Plaintiff in its petition alleged that it entered into a contract with the owner of one-fifth of the interest in this land under which it may at any place drill and operate a well for oil. The petition for the injunction further stated that on the 1st day of August, A. D. 1904, it (plaintiff) entered into a contract with the Heywood Oil Company, defendant, regarding lots 16 and 25 of the Harnodet tract, as shown by a plat marked “Jennings, Heywood Oil Syndicate Subdivision of Part of Harnodet and Latreille Tracts, in Section 47 — 9—2.”
Petitioner also stated that, in accordance with the terms of this contract, the Heywood Oil Company has drilled three wells; that said wells have been operated since their completion; that large quantities of oil are taken from these wells, not alone from the lots in reference to which it (the defendant) has right, but also from adjacent lots;
Plaintiff urged that the Heywood Oil Company has erected upon the land, directly east and contiguous to lots 16 and 25 — “being part of the land, the mineral rights in which are owned by plaintiff — eleven boilers and a building thereon for the operation of its machinery in drilling and operating their wells”; that plaintiff intends to drill a well at the very place on which these boilers-stand.
Plaintiff avers:
That defendant is a trespasser. “That, so-long as said boilers and boiler house are upon said lot, plaintiff can not drill a well or wells, which it has a right to drill, and which it is necessary that it drill in order that the defendant Heywood Oil Company should not get more than its proper share and proportion of oils-from the land aforesaid. Nor can it drill at any point near where it desires to drill and ought to drill on account of the fact that the operation of said boilers creates great danger from fire. That by operating the well aforesaid upon said lots 16 and 25, and preventing, by the maintenance and operation of said house and! boilers aforesaid, the drilling upon the lots adjacent to lots 16 and 25, defendant is irreparably injuring plaintiff. That Heywood Oil Company are extracting and taking oil to which plaintiff is entitled, but which it is unable, in view of defendant’s action, to secure. That there will be no way of determining how much oil defendant has taken and may take, to which plaintiff has a right.”
The judge of the district court granted the writ of injunction prayed for on a bond of $1,000. The defendant then appeared in court and moved to bond the injunction. It averred in the motion that it had been in possession over 12 months prior to the date-the plaintiff filed its petition for an injunction.
In this motion the defendant alleged that it did not go on the land as a trespasser, but with the consent of plaintiff; that it had obtained plaintiff’s consent to place the boilers where they are; that with plaintiff’s. *539 permission, over 18 months ago, it began to occupy the land and to operate its works.
The district court held that the petition of plaintiff was» vague and indefinite; that the action was in its character petitory; that, whilst, he charged defendant for being a trespasser, it did not set forth its grounds upon which it based its charges; that defendant’s motion to dissolve showed that it went into possession with the consent of plaintiff.
The court inter alia stated that mandatory injunction should only issue in cases of immediate and pressing necessity.
The court inferred from the allegations of plaintiff that there would not be irreparable injury which money would not compensate. The court required a bond of $30,000 from defendant, which defendant furnished, and the injunction was dissolved.
Plaintiff prayed for an appeal to the Supreme Court. Its prayer was refused. Plaintiff then applied to this court for a writ of mandamus compelling the district court to grant an appeal. On this application an order nisi was issued.
AVe have carefully considered the argument of petitioner for a mandamus. We see no good reason to set aside the court’s refusal to grant the appeal.
While it is very true, as contended by the said petitioner, that the allegations of the petition are taken as true on an application to dissolve an injunction on bond, it also remains as a fact that petitioner should set forth a complete statement of the case, such as shows over and above the mere allegation of “irreparable injury” that there will be “irreparable injury” which cannot be compensated. “Such a bill must not only allege irreparable injury, but state facts making a case of irreparable injury.” Bettman v. Harness (W. Va.) 26 S. E. 271, 36 L. R. A. 570.
The judge of the district court has large discretion in matter of dissolving an injunction on bond.
“The practice sometimes prevails of permitting the dissolution of an injunction upon defendant giving bond for the security of plaintiff, and the granting or refusing of an application to dissolve upon giving such bond is a matter resting upon sound judicial discretion of the court.” 2 High on Injunction (3d Ed.) p. 1497; State v. Judge, 29 La. Ann. 367.
“It is without the discretion of a court of equity to substitute an indemnifying bond in lieu of an interlocutory injunction, and it may properly dissolve an injunction upon the giving of such bond when the ends of justice may thereby be promoted.” Id.; New Orleans Waterworks Company v. Oser, 36 La. Ann. 918; State v. Debaillon, 37 La. Ann. 110.
We have not found that in the case before us the court had abused its discretion.
The Code of Practice provides that, if an act prohibited by an injunction is not such as will cause irreparable injury to the plaintiff, the court may, in its discretion, dissolve it on bond. Code Prac. art. 307.
We will avail ourselves of this opportunity to state that there should be a reasonable exercise of discretion, and,- if it does not appear that there has been, then the right of appeal would arise; not otherwise.
AVith reference to dissolving an injunction on bond, this court has decided that there are many injuries that cannot be compensated.
The following on the particular subject is illustrative:
A wrong cannot be atoned with money which outrages the feelings and woun'ds the sensibilities of a person; nor when things precious are taken, associated with touching incidents; nor when the preservation of the home is .at issue. These are given as suggestive. The injunction should be maintained in this and similar cases. State v. Judge, 29 La. Ann. 360; Waterworks Co. v. Oser, 36 La. Ann. 918; State v. Debaillon, 37 La. Ann. 110.
We will here state that the court is authorized to refuse to dissolve the injunction *541 on bond in other cases than those falling within the scope of the above-cited decisions; for the authorities as we read them do not .apply to the case in hand.
The boilers, machinery, and house are not an ungainly sight in an oil field. There is here no question of the possession nor the ownership, exposed to destruction, of a home, nor of green meadows, fine, large, and attractive fields, suggestive of sentimental causes, -which cannot be safeguarded by an indemnifying bond.
There is here only a cold business proposition — an injunction which may give rise to a claim, but which the district judge decided could be secured by an indemnifying bond.
The allegations do not show with any degree of certainty that plaintiff had possession of the property in question. True, .plaintiff avers that it had the right to take •possession; but it is silent regarding the facts upon which it bases its right. The ■point of plaintiff particularly is that, if the ■defendant be permitted to bond the property, it will gain possession to which it is not entitled. The defendant, on the other hand, claims that it has a right of posesssion of the property and points to the fact that it is in the undisputed possession of three oil wells drilled on the property in accordance with the agreement entered into with the plaintiff.
We think, to say the least, that it is not .absolutely certain who had possession, or who is entitled to possession.
If plaintiff be in possession, he should not be ousted by injunction. The same is true if ■defendant is in possession. Matters should remain in abeyance for the time being.
The trial- judge deemed it judicious to so , rule as that the status quo will be main-tained until the case is tried on the merits and finally decided.
As it is only a temporary truce as relates -to the question of possession, we think it •should remain undisturbed.
In the matter of an injunction, there need be no delay before trial and decision. It follows that the question of possession will be decided within a reasonable time.
Parties should not have it in their power by injunction to stop important work, unless it is manifest that they have a right of possession ; otherwise it might be possible by injunction to stop the operation of important industries and cause irreparable injury and loss. The indemnity bond is permitted in order to prevent damages pendente lite.
If plaintiff should be decreed entitled to the possession which it now claims (although the defendant holds a contract), then possibly there would arise claim for damages.
A decision on the merits putting an end to the litigation will be more satisfactory in every point of view, as then the matter of title and right of possession will be, fully passed upon and decided.
No one will seriously deny that courts of justice should rule with a view of preventing, as far as reasonably possible, protracted and vexatious litigations.
We will state, before closing our decision, that we are'left to conjecture as to where the machinery and boilers are located; whether on the land excepted in accordance with the terms of the contract, or not.
We infer that these boilers and machinery are accessories to the oil wells in discussion, and that the possession of the one covers the possession of the other.
Upon allegations directed against boilers and machinery by the plaintiff, we do not think we should hold that they must be removed in accordance with a prayer for a mandatory injunction, particularly as the matter is before us exclusively on the question of the right to bond.
For the foregoing reasons the rule nisi recalls and discharges relator’s petition, and the demands it contains are dismissed, at its costs.