*(III So. 333)*

## No. 26175.

## IOWA CORD TIRE CO. v. CHEAPE et al.

(Jan. 3, 1927.)

On Motion to Dismiss Appeal.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⚖⇒385(2)—**Signing of affidavit, annexed to appeal bond reciting signer is worth amount of bond for which bound, held sufficient acknowledgment that signer was surety (Act No. 112 of 1916).**

    Signing of affidavit, annexed to appeal bond, reciting that surety is worth amount for which he bound himself on said bond, *held* sufficient acknowledgment that signer was surety on bond, although he had omitted to sign it; such omission being mere oversight governed by Act No. 112 of 1916.

    On the Merits.

2. **Partnership** ⚖⇒242(5)—**Sole liability of remaining partner for price of tires held proved.**

    In action to recover amount due on consignment of tires, defendant's testimony and admissions in answer that plaintiff had shipped tires to defendant under firm name, and that other partners had dropped out of firm shortly after it was started, *held* sufficient to establish sole liability of defendant for balance due.

3. **Sales** ⚖⇒359(2)—**Where evidence did not establish amount of damage to defendant from defective goods, reconventional demand for damages was properly dismissed.**

    Where evidence, in action to recover balance due for consignment of tires, was insufficient to establish amount of loss or damage to defendant's business, reconventional demand for damages was properly dismissed, though there was showing that large percentage of tires shipped to him was defective.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the Iowa Cord Tire Company against F. P. Cheape and others, in which defendant W. B. Hamilton filed a reconventional demand. From a judgment for plaintiff granting less relief than prayed and against said Hamilton dismissing his reconventional demand, plaintiff appeals. Affirmed.

Cook & Cook, of Shreveport, for appellant.

W. B. Hamilton and Dimick & Hamilton, all of Shreveport, for appellees.

Motion to Dismiss Appeal.

LAND, J. The defendant W. B. Hamilton has filed a motion to dismiss the appeal in this case on the ground that the appeal bond is not signed by any surety.

[1] S. M. Cook is named as surety in the appeal bond, and, although the bond is not signed by him as surety, yet there is an affidavit made by Mr. Cook and annexed to the bond, in which it is declared that he is surety thereon, and "that he is worth over, and above all his debts and obligations, in assets that can be subjected to levy under execution, the amount for which he has bound himself on said bond."

This is a sufficient acknowledgment that S. M. Cook is surety on the bond, although he did not actually sign same; the omission being, manifestly, a mere oversight. Act No. 112 of 1916, p. 241. The motion to dismiss the appeal is therefore denied.

On the Merits.

Plaintiff company has sued the defendants W. B. Hamilton, F. P. Cheape, and C. E. Reichardt as a commercial co-partnership, and has joined the Pelican Corporation, Inc., in the suit, which, however, has been dismissed as to that corporation on exception of misjoinder.

As the defendant Hamilton alone has had service of citation made upon him, he is the only one of the defendants now before the court.

Plaintiff company has sued defendants to recover the sum of $3,263.38, alleged to be balance due on a consignment to them of tires amounting to a total of $4,348.25, less a credit of $424.62, allowed on return of certain merchandise, and less a further credit of $660.25, consisting of sundry items, or a total credit of $1,084.87.

The defendant Hamilton admits that he (Cheape) and Reichardt entered into a contract with plaintiff corporation on November 12, 1920, solely and entirely as individuals, but denies that the agreement between him and his associates constituted a commercial copartnership.

Defendant admits that a number of tires and tubes were forwarded to him under said contract upon consignment, but alleges that he was to sell and account for same to plaintiff under said contract, and under other later agreements made between the parties, and also under the universal custom covering such transactions, which allowed defendant to make adjustments for tires at his place of business, to be forwarded by defendant to plaintiff in the form of claims for credit.

Defendant alleges that, in addition to the credits allowed by plaintiff for adjustments made, he is entitled, as a credit, to the further sum of $3,061.31, which sum represents amounts allowed to purchasers of tires shipped to defendant .by plaintiff under its regular guaranty, and which proved defective, and had to be adjusted by defendant with the purchasers.

Defendant prays that plaintiff's demand be rejected as to him, except for one-third of balance due to plaintiff, or the sum of $67.36. Defendant also prays for judgment in reconvention in the sum of $5,000, alleged to be the amount of damage done to his business, because of the very large number of defective tires shipped to him by plaintiff company, and which were sold by defendant to his customers under the guaranty of said company.

The trial judge rendered judgment in favor of plaintiff and against the defendant W. B. Hamilton in the full sum of $133.54, and rejected the reconventional demand of defendant, who has answered the appeal, and prays that the judgment be amended in this court so as to reduce the amount recovered against him to one-third of $133.54, the amount of the judgment.

As the evidence in the case is conflicting, we have decided to approve the finding of the trial judge as to the right of defendant to adjust at his place of business for all defective tires, and to accept as the correct amount due the plaintiff the sum of $133.54 as fixed in the judgment appealed from.

[2] Defendant admits in his answer that he sold the tires and tubes shipped to him by plaintiff under the trade-name of "Swift Tire Service," and testifies that Cheape and Reichardt had dropped out of the business shortly after it was started. The sole liability of defendant to plaintiff for the balance due is therefore clearly established.

[3] The reconventional demand of defendant was properly rejected, as there is no evidence to establish the amount of loss or damage done to defendant's business, although it appears that a very large percentage of the tires shipped tọ him was defective.

Judgment affirmed.