(122 So. 126)

No. 29416.

SMITH v. PHILLIPS, Sheriff, et al.

Oct. 29, 1928. On the Merits March 25, 1929. Rehearing Denied April 22, 1929.

L. K. Watkins, of Minden, for appellants.
T. H. McGregor, of Rayville, and Stewart & Stewart, of Minden, for appellee.

## On Motion to Dismiss the Appeal.

O'NIELL, C. J.  ██ There is a motion to dismiss this appeal on the ground that the bond is not signed by any one as surety. Although there are three persons named as sureties in the bond, it is signed only by the appellants. Immediately below their signatures is an affidavit, signed by the three persons named in the bond as sureties, in which af-fidavit they say "that the surety on the above bond is worth the amount of same over and above all legal exemptions." It can hardly be doubted that the signers of the affidavit, being named in the bond as the sureties, intended that their signatures should apply to the bond, as well as to the affidavit. It is therefore a matter of no importance that the signatures of the sureties on the bond are not in a more appropriate place. Iowa Cord Tire Co. v. Cheape, 162 La. 935, 111 So. 333. Even if this defect in the appeal bond was originally serious, the appellee's complaint about it comes too late. Act 112 of 1916, § 9, p. 241, declares that no appeal shall be dismissed "on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond; or for the insufficiency of any surety, or sureties, on said bond," unless the appellant shall have failed to correct the error, inaccuracy or omission, or to furnish a supplemental or additional bond, or surety or sureties, within two days after the appellee has filed a motion therefor, in the court of original jurisdiction, as provided in the second and third sections of the act. No such motion was filed or opportunity given, in this case. We would have no authority, therefore, to dismiss this appeal, even if we believed that the sureties named in the bond were not bound as sureties by their signatures under their affidavit.

The motion to dismiss the appeal is over-ruled.

## On the Merits.

ROGERS, J. This litigation is the sequel to the suit of Minden Hardware & Furniture Co. v. Smith, 165 La. 98, 115 So. 381. In that suit certain real estate owned by Smith, the defendant, was seized and sold in execution of a judgment obtained by the plaintiff. Smith, the judgment debtor, did not enjoin the seizure and sale, but filed a separate

suit, claiming priority payment of $2,000 out of the proceeds of sale as his homestead exemption. A number of other creditors instituted proceedings, asserting preferential rights on the fund to be distributed. The demands of the various claimants were consolidated for the purpose of trial, and one judgment was rendered, rejecting the demand of the homestead claimant, and ranking the claims of the creditors for payment according to the order in which they were recorded in the mortgage records. The judgment further directed the sheriff to deliver to the clerk of court the proceeds of sale for distribution in accordance with its terms.

As soon as the judgment was signed, Smith, the homestead claimant, applied for and obtained orders of appeal, both suspensive and devolutive, to this court, but perfected the devolutive appeal only. After the judgment became executory, by reason of the expiration of the delay allowed appellant for perfecting the suspensive appeal, the clerk of court distributed the fund in his possession as therein decreed. The case in due course was heard and submitted on the devolutive appeal of the homestead claimant, and the judgment of the district court was amended, recognizing the appellant's homestead claim for $2,000, and ordering its payment out of the proceeds of the sale of appellant's property by preference over all other claims, except the costs of the execution and sale, certain taxes, and a balance due the First National Bank of Minden, as the holder of a vendor's privilege. In rendering our decree, we erroneously assumed, there being nothing in the record to the contrary, that the proceeds of the sale were at the time in the possession of the clerk of court.

When our decree became final, Smith, the defendant in execution, made demand on the Minden Hardware & Furniture Company and A. H. Phillips, the sheriff of the parish of Webster, for the payment of $2,000, which demand was refused. He then instituted a proceeding, requiring the company and the sheriff to pay him $2,000, and, in default thereof, that execution issue and their property be seized in an amount sufficient to satisfy his claim. After the defendants filed their answers, the case was tried, resulting in a judgment for plaintiff, ordering the defendants to pay him $2,000 within ten days, and, in default of doing so, that execution issue to enforce the payment. Both defendants have appealed from the judgment.

The theory on which plaintiff bases his action against the present defendants is that, the judgment of the district court having been reversed on appeal, the Minden Hardware & Furniture Company, Inc., as the plaintiff in execution, and the sheriff as the original custodian of the fund realized from the sale of the property, should be required to make restitution to the defendant in execution (plaintiff herein) of the sum of $2,000 awarded him under his homestead claim. The judge below accepted plaintiff's theory, and rendered his judgment in accordance therewith.

The judgment is wholly erroneous so far as the sheriff is concerned. That official had no funds in his possession at the time this proceeding was instituted, having turned them over to the clerk of court in accordance with the terms of the judgment of the court below. He was fully justified in taking this action, and, in fact, it was his duty to do so, in the absence of an appeal suspending the execution of the judgment. The clerk of court, for the same reason, was authorized to distribute the fund delivered to him by the sheriff. The effect of our decree was to recognize the homestead exemption of $2,000 in favor of Smith, the defendant in execution,

and his preferential right of payment out of the proceeds of the sale of his property, assuming the fund was intact. It did not carry with it a judgment for any specific sum against the sheriff, or any other particular individual. If the homestead claimant failed to preserve the fund, by taking the necessary steps to suspend the execution of the judgment, pending his appeal, it is regrettable, but neither the sheriff nor the clerk of court can be made to suffer for his omission to do so.

The judgment appealed from is also erroneous to the extent that it condemns the Minden Hardware & Furniture Company, Inc., for the entire $2,000 claimed by plaintiff. In this respect, it is contrary to numerous decisions maintaining that the only remedy of a defendant against whom a judgment has been executed, which has been subsequently reversed on a devolutive appeal, is to recover whatever sum of money the seizing plaintiff has received or retained out of the property seized and sold. Holland v. Bryan, 148 La. 999, 88 So. 246, and authorities therein cited.

The record shows that the claim of the Minden Hardware & Furniture Company, Inc. was next in point of priority to the homestead claim of the plaintiff. In these circumstances, plaintiff must be relegated to actions of restitution against all of his judgment creditors holding inferior judicial mortgages to that of the Minden Hardware & Furniture Company, Inc., and participating in the distribution of the fund, save to the extent that the Minden Hardware & Furniture Company, Inc. may be required to return any portion of the $2,000 which it may have received in satisfaction of its judgment.

According to the distribution sheet of the clerk of court, which has been filed in this court as a part of the record, we find that the total amount realized from the sale of plaintiff's property was $4,260. Of this amount $1,168.60 was required for the payment of the costs, taxes, and vendor's lien held by the First National Bank of Minden, thus leaving for distribution among the other creditors the sum of $3,091.40. It is from this amount that plaintiff's homestead claim of $2,000 should have been paid. The next creditor in point of priority was the Minden Hardware & Furniture Company, Inc., which received $1,257.45 out of the fund. Then followed three other creditors that participated in the distribution. They are in the order of their priority and amounts received as follows, viz.: J. E. Farrar, $505.65; Wren & Turner, $356.54; and Webb Hardware & Furniture Company, $971.76. It will thus be seen that, of the $2,000 due plaintiff, three creditors holding inferior mortgages to that of the defendant Minden Hardware & Furniture Company, Inc., received, in the aggregate, $1,833.95, thus leaving the amount received by the defendant Minden Hardware & Furniture Company, Inc., the sum of $166.05, which is due and owing by said defendant to the plaintiff herein.

For the reasons assigned, the judgment appealed from is annulled; and it is now ordered that plaintiff's demand against said A. H. Phillips, sheriff of the parish of Webster, be, and the same is hereby, rejected. It is further ordered that the defendant Minden Hardware & Furniture Company, Inc., pay the plaintiff, D. W. Smith, $166.05, which payment is to be made within five days from the day this decree becomes final, and, in default thereof, that a writ of fieri facias issue, according to law, commanding the seizure and sale of the property of the said Minden Hardware & Furniture Company, Inc. in an amount sufficient to pay and satisfy said amount; the defendant Minden Hardware & Furniture Company, Inc., to pay the costs of the court below, plaintiff, D. W. Smith, to pay the costs of the appeal.