GARLAND v. KEEN

(November 3, 1931. Opinion and Decree.)

For original opinion, see 18 La. App. 652.

Henry L. Garland, of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams and St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellant.

## ON MOTION TO DISMISS

JANVIER, J. This matter comes before us on motion filed in this court to dismiss the appeal on the ground that the amount of the appeal bond is inadequate.

The judgment below was for $466.30. At the time the judgment was rendered, interest apparently amounting to $23.30 had accrued, so that the total amount due in principal and interest was $489.60. Appeal bond in the sum of $700 was furnished. It is evident that it should have been for at least $734.40.

Appellant admits the inadequacy of the bond, but, in opposing the dismissal of the appeal, maintains that, since the passage of Act No. 112 of 1916, sec. 3, as amended by Act No. 284 of 1928, an appeal may not be dismissed at this time for such cause as appears here, but that proper proceedings should have been resorted to in the court below, as provided by the statutes referred to.

In Hurry v. Hurry, 144 La. 881, 81 So. 378, a motion to dismiss an appeal was filed in the Supreme Court. The grounds urged were that the appeal bond had been prepared on one of the printed forms used for appeal bonds and that it had been filed without the insertion, in the blanks provided therefor, of "the name of the surety, the amount of the obligation, the date of the bond, or the date of the judgment appealed from." The court refused to dismiss the appeal, and, in doing so, stated:

"The appellee should have urged his complaint in the district court, should have had it served upon the appellant, and should have given the latter the opportunity to correct the errors or furnish a new bond within two legal days after service of the complant. Under the circumstances, and by the terms of section 9 of Act No. 112 of 1916, the appeal cannot be dismissed on account of the errors or omissions complained of in the motion to dismiss."

In a similar situation, in Bilich et ux. v. Mathe, 149 La. 485, 89 So. 628, the Supreme Court said:

"The defendant has moved to dismiss this appeal for irregularities in the appeal bond. He obtained, in the district court, a rule on appellant to show cause why the appeal should not be dismissed; but the rule was not served upon appellant, nor was any further proceeding had in the matter. According to section 9 of Act No. 112 of 1916, an appeal should not be dismissed for any inaccuracy or error in the appeal bond, or for insufficiency of the security, unless the appellant has been put in default, in the district court, in the manner directed by the statute."

Again, in Smith v. Phillips, 168 La. 408, 122 So. 126, we find that a dismissal was denied in a case in which the sureties failed to sign the bond itself, having signed only the affidavit with regard to their respective abilities to respond financially, if called upon to do so. The court said:

"Even if this defect in the appeal bond was originally serious, the appellee's complaint about it comes too late. Act 112 of 1916, sec. 9, p. 241, declares that no appeal

shall be dismissed 'on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond,' unless the appellant shall have failed to correct the error, inaccuracy or omission, or to furnish a supplemental or additional bond, or surety or sureties, within two days after the appellee has filed a motion therefor, in the court of original jurisdiction, as provided in the second and third sections of the act. No such motion was filed or opportunity given, in this case. We would have no authority, therefore, to dismiss this appeal, even if we believed that the sureties named in the bond were not bound as sureties by their signatures under their affidavit."

Each of the three above-cited cases was decided either before or without reference to Act No. 284 of 1928, which amends section 3 of Act No. 112 of 1916, but the second act does not in any way amend the first in any particulars essential to a decision of this case. We find only two changes appearing therein: First, if the bond is questioned in the court below, appellant is given four days to furnish a new bond, whereas under the original act he was given only two days. Second, the amended act provides that, if the second bond furnished is found defective, no further opportunity shall be given appellant to furnish a proper one, whereas this contingency was not referred to in the original act.

Since no question as to the adequacy of the bond was raised in the court below, we think that the reasoning of the three cases to which we have referred is applicable here.

The motion to dismiss the appeal is denied.