### SLIMAN v. MAYOR AND BOARD OF ALDERMEN OF VILLAGE OF PALMETTO.
### No. 993.

Court of Appeal of Louisiana. First Circuit.
June 30, 1932.

W. C. Perrault, of Opelousas, for appellant.
Lewis & Lewis, of Opelousas, for appellees.

On Motion to Dismiss Appeal.

LE BLANC, J.

Defendant-appellee has filed a motion to dismiss the appeal herein on the ground that there is no legal or valid bond of appeal on which the appellant could prosecute his cause before this court, as the appeal bond filed under the order of the district court was not signed by the surety.

The record contains a suspensive appeal bond in which the plaintiff, Alexander Sliman, is designated the principal, and W. C. Perrault the surety. The bond bears the following signature only: "Alexander Sliman, by W. C. Perrault, Atty." Obviously, on its face, it could be construed as an obligation on the part of the principal only. However, on the reverse of the bond there is an affidavit sworn to by W. C. Perrault before Henry Lastrapes, clerk of court, "that he is well and truly worth the amount for which he has obligated himself, after all his debts have been paid."

The Supreme Court had to deal with the same question that is here presented, in two recent cases, and in both it was held that the affidavit constituted sufficient acknowledgment of the obligation on the part of the surety, and that there could hardly be any doubt of the intention of one who signs such affidavit to bind himself in the capacity in which he is designated in the bond. Smith v. Phillips, Sheriff, et al., 168 La. 406, 122 So. 126; Iowa Cord Tire Co. v. Cheape et al., 162 La. 935, 111 So. 333, 334. In the last case cited, the court refers to the failure of the surety to actually sign the bond as "being, manifestly,. a mere oversight. Act No. 112 of 1916."

The motion to dismiss the appeal is therefore overruled.

On the Merits.

The appeal comes to us from a judgment of the district court which "recalled, rescinded and annulled" a preliminary writ of injunction previously granted as a result of a trial of a motion to dissolve based on the alleged falsity of the averments of the petition for the writ. The judgment also condemned plaintiff to pay attorney's fees in the sum of $75.

The injunction was asked for on the ground, as alleged in plaintiff's petition, that the mayor and board of aldermen of the village of Palmetto had ordered a certain street to be graveled. Plaintiff claimed that he was the owner of the property comprising this street and that the governing authorities of the village could exercise no rights over it. He prayed for a temporary restraining order against the defendant pending a hearing of a rule to show cause why a preliminary writ of injunction should not issue. He also asked for a judgment, after legal delays and due proceedings had, decreeing him to be the owner of the property.

The court granted the temporary restraining order on September 5, 1931, and also ordered the defendant to show cause on September 15, 1931, why the writ asked for should not be granted. On the return day fixed, the rule was heard and the preliminary writ was granted. That same day, the motion to dissolve the writ on the ground that the allegations of the petition were false was filed and an order signed fixing the same for hearing on September 21, 1931. That same day, an exception and answer was also filed putting the whole matter at issue. There were certain supplemental pleadings filed which it is unnecessary, for the purpose of this decision, for us to refer to.

On the day set for the hearing of the motion to dissolve, counsel for the defendant insisted that the motion be taken up and disposed of, whereupon counsel for the plaintiff objected and moved that the motion be referred to the merits and that it be treated as an answer. The court overruled the objection, heard the motion to dissolve, and in due time rendered the judgment herein complained of.

We are of the opinion that plaintiff's complaint is well founded and that the district judge was in error in not referring the motion to dissolve to the merits of the case, as the motion was in reality an answer and should have been treated as such.

The averments of the motion to dissolve, besides the one that the allegations of plaintiff's petition are false, are virtually the same as those contained in defendant's answer, and, as such, they form a direct issue with the allegations of the petition. Under such a state of pleadings, it was held in the case of New Orleans Waterworks Co. v. Oser, 36 La. Ann. 918, that "the motion is in all essential respects an answer to the merits," and that "to admit evidence on the issues thus raised and to try the same would be virtually a trial of the case on the merits." Further, the court in that case said: "We cannot conceive that there is any law to authorize this summary and perhaps final disposition of the cause in this preliminary stage of it. The articles of the Code of Practice evidently do not justify it."

In considering a situation the same as here presented, the Supreme Court in Re Morgan & Co., Inc., et al. v. De Ridder Light & Power Co., 155 La. 915, 99 So. 696, 699, had this to say:

"The first paragraph quoted above [quotation being from the motion to dissolve] clearly denied the facts upon which the injunction was obtained, and should have been considered as an answer. Unlike attachment, sequestration, etc., which are always ancillary remedies to some principal demand, the writ of injunction, often, as in the present case, constitutes the sole relief sought, and to dissolve it disposes of the case. Of course, where the ground for dissolution consists of some alleged irregularity in the proceedings, like the insufficiency of the bond, improper affidavit, etc., or other informality. it may be dissolved, without a trial on the merits, for such causes. But a motion to dissolve on the ground of the falsity of the allegations to support the writ should be referred to the merits and treated as an answer, or defendant should be directed to answer the petition as required by the pleading statute."

We find no decisions to the contrary and believe that the foregoing citations dispose of the question involved before us at this time. The latest case cited arose before the enactment of the law regulating the granting of injunctions in this state, Act No. 29 of 1924; but we do not find any provisions of that statute which affect the method of practice and procedure we are here considering.

As the answer in this case has already been filed, it will only be necessary for us to remand the case for the purpose of having the motion to dissolve treated as part thereof, and to order the case to be tried on the merits.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby reversed, set aside, and annulled, and this case is now remanded to the district court to be proceeded with according to law and the views herein expressed. All costs of this appeal are to be paid by the defendant-appellee, and all other costs to abide the final judgment of the suit.