HALL, Judge.
Appellee moves to dismiss the appeal herein on the sole ground that the appeal bond was not signed by the surety.
It appears that although the surety did not sign the bond itself she did sign the affidavit attached thereto as required by LSA-C.C.P. Art. 5122. In similar cases it has been held that the omission to sign the bond is a mere irregularity and that the appeal can not be dismissed at least in the absence of a rule brought by appellee in the Trial Court to test the sufficiency or validity of the bond. Iowa Cord Tire Co. v. Cheape et al., 162 La. 935, 111 So. 333; Smith v. Phillips, 168 La. 406, 122 So. 126; Succession of Uthoff, 196 La. 892, 200 So. 290; Anagnosti v. Toye Bros. Yellow Cab Co., La.App., 52 So.2d 875.
LSA-C.C.P. Art. 5123 requires that the sufficiency or validity of a bond furnished as security in a judicial proceeding shall be tested by rule filed in the Trial Court.
LSA-C.C.P. Art. 5124 provides that if no rule to test the original bond has been filed the party furnishing the bond may at .any time correct any defects therein by furnishing a new or supplemental bond, which bond shall be retroactive to the date the original bond was furnished.
LSA-C.C.P. Art. 5125 provides that no appeal may be dismissed on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond as provided in Articles 5124 and 5126.
In the instant case appellee did not file a rule in the Trial Court to test the sufficiency or validity of the bond, and appellant has filed a new bond which corrects the defect complained of in the original bond. The new bond is retroactive to the date the original bond was furnished, and there is no contention that the original bond was not timely filed.
The motion to dismiss is denied.
Motion denied.