ROGERS, J.
 

 A certain lot of .ground with the improvements thereon situated in the city of Minden was sold under a writ of fieri facias issued on a judgment against D. W. Smith in favor of the Minden Hardware & Furniture Company. The judgment debtor did not enjoin the sale, but, by way of a separate suit, filed ail opposition ¿rior thereto, claiming to be paid $2,000 out of the proceeds as a homestead exemption under the Constitution. There were a number of parties to the two suits claiming priorities in the distribution of the fund realized from the sale, and they ■ were consolidated for purposes of trial. Only one judgment was rendered, in which the demand of the homestead claimant was rejected, and the judgments of the various creditors were ranked and ordered paid according to the priority of their respective recordations in the mortgage records. Smith, the homestead claimant, has appealed.
 

 The contention of the appellees, which was sustained by the court below, is that the appellant had abandoned and forfeited his homestead by moving with his family to the city of Shreveport.
 

 The settled jurisprudence of the state is that the abandonment of a homestead is largely a question of intention to be determined from all the circumstances; that such abandonment will not be presumed, and must be clearly established by the party alleging it. See First Nat. Bank v. Brooks, 164 Da. 297, 113 So. 853, in which the authorities are reviewed.
 

 The appellant is the head of a family consisting of his wife and three children, who are dependent upon him. In 1912 he purchased the property in question and lived
 
 *101
 
 in it until the latter part of 1922. At that time he moved, as he testified, temporarily to the city of Shreveport. He assigns as his reasons for this temporary change of residence, that the condition of his business was such that it required him to be frequently absent from home; that one of his sons was pursuing a business course in Shreveport, and that his wife desired to live there in order to have her son with her; that his wife was in poor health, and it was possible to secure medical treatment for her in Shreveport that could not be obtained in Minden; that he was financially embarrassed, and he thought there was a better opportunity for making profitable deals in his line of business at that particular time in Shreveport than in Minden, thus enabling him to settle with his creditors. ,
 

 On leaving Minden, he attempted to rent his house furnished because, as he testified, he expected to return and wanted to leave the furniture intact. He was, however, only partially successful in this attempt. The tenant he finally secured permitted a certain portion of the furniture to be left in the leased premises. The remainder of the furniture he was compelled to remove and place in a home which he rented in Shreveport.
 

 The lease contract, for appellant’s home in Minden was in writing. The term of the lease was for 12 months, subject to the right of the lessor to retake possession of the leased premises at any time upon giving thirty days’ previous notice in writing of his intention to do so. Before the expiration of the 12 months, however, the property was seized and sold under the writ of fieri facias, thus making it impossible for the appellant to exercise his right to cancel the lease and return to his home.
 

 It is also in evidence that, shortly before he removed to Shreveport, appellant placed of record a declaration of domicile, in which he set forth:
 

 “That he is now temporarily living in thé city of Shreveport, parish of Caddo, Da., but that he still retains his legal residence and domicile in the town of Minden, parish of Webster, state of Louisiana, to which he will return as soon as his temporary business is concluded in the city of Shreveport, La., and other places; that he in no wise, form, or manner, abandons his residence and domicile in said town of Minden; but has temporarily leased his home, to which he expects to return at the expiration of his business matters in said city of Shreveport and other places; that he has stipulated in said lease to J. F. Mclnnis that he may return and live in said home, which is located at 507 Monroe street in the town of Minden, La.”
 

 Appellant continued to pay his poll tax in Webster parish. And in all deeds for timber purchases made by him, he caused his residence to be set forth as being in Minden, La.
 

 Under this state of facts, it appears to be clear that there never was any intention on the part of the appellant to abandon his homestead. Certainly, the appellees have not sustained the burden resting upon them to prove such an abandonment. It was not established by the temporary renting of the homestead. 29 C. J. 355; Bank v. Brooks, referred to supra, and authorities therein cited. Nor was it shown because, about
 
 Sy2
 
 months before appellant left Minden, he borrowed .from the First National Bank of that city, through J. J. Harville, his partner in certain timber transactions, as an accommodation maker and with his indorsement, the sum of $1,790.15, securing the note evidencing the loan by the pledge of the vendor’s lien note of $1,600 on the property in question in favor of the Minden Building
 
 &
 
 Loan Association. Harville, the maker, received the- money from the bank, paying over to the Building & Loan Association the balance due on the vendor’s lien note, $907.55, and delivering to the appellant the difference, $882.60. Appellant obtained this money, according ito his testimony, for the purpose of “going into a proposition” which failed to materialize.
 

 The appellees, as well as the court be
 
 *103
 
 low, attach considerable probative importance to a statement made by appellant in the course of his examination as a witness, which they construe to mean that, he was hoping that some of his creditors would put him into bankruptcy, making it impossible for him to return and occupy the property. We do not construe the statement in the same way. The purport of the testimony of the witness was, as we understand it, that if he did not make some trades or do some business to enable him to meet his obligations, and somebody was not kind enough to throw him into bankruptcy, he would jiave to go into bankruptcy himself in order to clear up the situation. But he is neither a voluntary nor an involuntary bankrupt. And the question of his bankruptcy, vel non, has no bearing on his right to claim his homestead exemption in this proceeding,
 

 The property sold at sheriff’s sale for $4,260. This amount, under order of court, has been turned over to the clerk of court for distribution herein. The court below decreed that the First National Bank of Min-den, as the holder of the vendor’s lien note, should receive by priority the sum of $907.55, the balance due on said note at the time said bank received it as collateral security for the note of J. J. Harville, indorsed by the appellant. There is, therefore, a sufficient amount in the possession of the clerk of court to pay appellant’s homestead exemption of $2,000.
 

 For the reasons assigned, the judgment appealed from is amended so as tp order that after the deduction from the proceeds of sale of the cost of the execution and sale and the pro rata of the taxes due against the property, and after the payment to the First National Bank of Minden of the sum of $907.55, with interest and costs as set forth in said judgment, that appellant, D. W. Smith, be paid by preference and priority as a homestead exemption the sum of $2,000 from said proceeds.
 

 It is further ordered, that as thus amended the said judgment be affirmed.