### CARONA ET AL. v. CANGEMI ET AL.

———

(June 16, 1930. Opinion and Decree.)

———

B. B. Howard, of New Orleans, attorney for plaintiffs, appellees.

Theo. Cotonio, of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J. Angelo Carona and Salvatore La Rocca, joined as parties plaintiff, bring this suit against Guiseppe Cangemi and Vincent Napolitano. It is alleged that Carona is the owner of the property 1301-02 Saratoga street in the city of New Orleans and that he employed La Rocca, a builder and contractor, to make certain repairs to the property; that La Rocca performed his contract satisfactorily, completed the work, and paid all workmen engaged thereon, but that, notwithstanding that fact, Cangemi and Napolitano, who were employed as carpenters in connection with the repairs to the property, recorded claims in the office of the recorder of mortgages for the parish of Orleans in the sum of $500 and $200, respectively. The prayer of the petition asks for citation upon the defendants and Augustus Williams, recorder of mortgages, and for cancellation of the liens resulting from the recordation of the claims. The defendants, Cangemi and Napolitano, through the same counsel, but by separate pleadings, filed exceptions of misjoinder of parties plaintiff and of parties defendant, vagueness, and of no cause or right of action. The exceptions having been overruled, Cangemi and Napolitano answered resisting the erasure of the liens and in reconvention asked for judgment against plaintiffs, Cangemi in the sum of $376 and Napolitano in the sum of $216. Upon the trial of the case it was agreed between counsel that the benefit of the exceptions would be reserved to the defendants.

There was judgment below in favor of plaintiffs, as prayed for, and dismissing defendants' reconventional demand.

In this court the exception of misjoinder is vigorously pressed upon our attention. It will be observed that the proceeding is most unusual and partakes somewhat of the nature of a concursus, though the requisites and formalities essential to that character of action are not complied with. An owner and a contractor, joined as parties plaintiff, sue two laborers with whom the recorder of mortgages is joined, pro forma, seeking the cancellation of liens which resulted from the recordation of their claims in the mortgage office. It is obvious that neither plaintiffs nor defendants have a common interest in the subject-matter of this suit, and this is the test which must be applied in considering a plea of misjoinder. Reardon vs. Dickinson, 156 La. 556, 100 So. 715. The owner of the property would be beneficially affected by the erasure of the lien, but the contractor does not appear to be interested in that result, particularly since there is no allegation in the petition that any part of his compensation has been withheld by the owner. The defendant Cangemi may or may not be entitled to the recognition of his lien, but its erasure or recognition could not affect the validity of Napolitano's lien. There is no privity of interest between plaintiffs on the one hand, or defendants upon the other. It results from this situation that plaintiffs'. suit must be dismissed as to both defendants. Babineaux vs. Miller, 5 La. App. 605.

We have reached this conclusion most reluctantly, for the case has been pending more than seven years, having been delayed, for one reason or another, in its progress through the courts. It appears to us, however, to present a situation which even the most liberal view of the principles of law referred to cannot sanction.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiffs' suit be dismissed at their cost.