(131 So. 23)
**SMITH v. PHILLIPS et al.**
No. 30386.

Nov. 3, 1930.

T. H. McGregor, of Rayville, and Stewart & Stewart, of Minden, for appellant.

A. S. Drew, of Minden, for appellees.

OVERTON, J.

This litigation, in one form or another, has been before us twice before. Minden Hardware & Furniture Co. v. Smith, 165 La. 98, 115 So. 381; Smith v. Phillips, Sheriff, 168 La. 406, 122 So. 126. The present appeal is one by D. H. Smith, the plaintiff herein, from a judgment sustaining exceptions of no cause or right of action and misjoinder, directed against a rule, filed by Smith, for the restitution of certain moneys, paid by the sheriff to Wren & Turner and to the Webb Hardware & Furniture Company as part of the proceeds of a sheriff's sale; the judgment of the district court, which made it possible to make the

payment to them having been reversed on devolutive appeal to this court.

Some account of the prior litigation must be given in order to properly understand the issues presented by the exceptions, which have grown out of a rather confused situation. In 1923, the Minden Hardware & Furniture Company, in suit No. 3759 of the district court, secured a money judgment against Smith. About the same time Wren & Turner and the Webb Hardware & Furniture Company, the two defendants herein, also secured judgments, in separate suits, against Smith, as did others, who are not concerned in the present litigation.

In suit No. 3759 of the district court, which was the suit in which the Minden Hardware & Furniture Company had secured judgment against Smith, that company caused execution to issue, under which property belonging to Smith was seized and sold. The sale realized $4,260. After the sale, though before the distribution of the fund, Smith filed a petition, which he styled an intervention and third opposition, making the Minden Hardware & Furniture Company and the sheriff parties thereto, claiming $2,000 of the proceeds of the sale as his homestead exemption. In some way, the petition, setting forth this claim, apparently (judging from the petition itself), contrary to Smith's original intention, was filed by the clerk of court, as a separate suit, under the district court No. 4312. Thereafter, the Webb Hardware & Furniture Company filed a third opposition and intervention in suit No. 3759 of the district court, which was the suit in which the Minden Hardware & Furniture Company caused Smith's homestead to be seized and sold, in which, among other things, it opposed the demand of Smith for his homestead exemption, asserted by Smith under the district court No. 4312, although no homestead exemption was as-

serted by him under the district court No. 3759, thus treating Smith's petition, asserting his homestead exemption, as being, in reality, a part of the suit, No. 3759, in which Smith's homestead was seized and sold. Wren & Turner, in its answer to the third opposition of the Webb Hardware & Furniture Company, joined it in opposing the homestead exemption, asserted by Smith in suit 4312.

On the same day that this answer was filed, apparently immediately before the filing of the answer, suits Nos. 3759 and 4312 were consolidated for the purposes of trial, and one judgment was signed, under the titles and numbers of both cases. It was under this judgment that the distribution of the fund was made by the sheriff, pending Smith's devolutive appeal from it, in so far as it rejected his demand for a homestead exemption, which, upon reversal to that extent, gave rise to the present action for the restitution of the part of the homestead exemption received by each defendant herein.

The exception of no cause or right of action, sustained by the trial court, is more properly an exception to the form of the remedy adopted by plaintiff, namely, a proceeding by rule, instead of an ordinary action, and the appellees so treat it in their briefs. The complaint is that a proceeding by rule is improper in such a case as the present.

In the case of White v. Commissioners of Merchants' Bank of New Orleans, 4 Rob. 363, it was said, in discussing the question of procedure by rule, that: "If the matter intended to be investigated and tried, is necessarily connected with, and incidental to the main action, or a direct consequence of it, the proceeding by rule in a summary manner, is often convenient and legal; but such mode of proceeding cannot be tolerated, when it is intended to evade the plain provisions of law."

■ We think that the demands for restitution are closely connected with and incidental to the main consolidated actions, and are a direct consequence of the alteration, on appeal, of the judgment rendered in them, and moreover, we think, that no injury can result, in such a case as this, from proceeding by rule. In our view, the proceeding by rule is here proper.

■■ The exception of misjoinder, also sustained by the trial court, rests upon the theory that the two defendants in rule have no common interest in the subject-matter of the suit.

In Reardon v. Dickinson, 156 La. 556, 100 So. 715, 716, in considering an exception of misjoinder it was said that: "The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit."

The cause of action, asserted by Smith against each defendant, grows out of the same matter—the receiving of payment of their claims from the sheriff, under a judgment which was later reversed on appeal, to the extent of the homestead exemption claimed by Smith and opposed in the consolidated suits by both defendants herein. Therefore, Smith's claim against each has the same origin. It does not appear that there is any conflict between the two defendants. In fact, they are represented by the same counsel. Their defenses, apparently, would seem to be the same. In these circumstances it is not necessary to bring separate suits. There is a sufficient community of interests between the defendants to authorize their joinder.

Smith desires us to continue and decide the case on the merits. However, we do not feel justified in doing so, as there has been no hearing in the lower court.

For these reasons, the judgment appealed from is set aside, and the foregoing exceptions are now overruled, and this case is remanded to be proceeded with according to law.