OVERTON, J.
This is an appeal from a judgment ordering Wren & Turner to restore to plaintiff $356.54, with five per cent, per annum interest from May 20,1929, and the Webb Hardware & Furniture Company, Limited, to restore to plaintiff $971.76, with 5 per cent, per annum interest from May 20, 1929, until paid. Only the Webb Hardware & Furniture Company, Limited, has appealed.
In Minden Hardware & Furniture Co. v. Smith, 165 La. 98, 115 So. 381, certain realty ■was seized, which Smith claimed as his homestead. The property was sold at sheriff’s sale. While the proceeds of the sale, amounting to $4,260, were in the hands of the sheriff, plaintiff brought suit, claiming the right to be paid, out of that fund, his homestead exemption of $2,000, by' priority over other claimants. This exemption and the right to be so paid the $2,000, after the deduction of certain other sums, was recognized by the judgment of this court in that case. The result was a reversal of the judgment of the district court.
However, plaintiff had not appealed suspensively from the judgment of the district court. The sheriff, therefore, in obedience to the judgment rendered, turned over to the clerk of court for distribution the fund in his hand, and the clerk distributed it. This made necessary a second suit — that of Smith v. Phillips, Sheriff, et al., 168 La. 406, 122 So. 126, in which plaintiff sued for the recovery, of the $2,000. He was successful, in this court, only to a slight extent in that case. The court there, however, pointed out to plaintiff, in making its position clear, that plaintiff’s remedy consisted of actions of restitution against those of his creditors who had received parts of the fund, when they were not entitled to such parts. The court, in that case, in the next to the last paragraph of the decision, showed what each creditor had received.
This made the third suit necessary, which is a proceeding by rule to require certain creditors who, it is claimed, received parts of the fund, when they were not entitled to them, and is the proceeding now before us. It was before us, in 1930, from a judgment sustaining certain exceptions. The exceptions were then overruled, 'and the case remanded. *201 Smith v. Phillips, et al., 171 La. 291, 131 So. 23. It is here on a plea of estoppel, on pleas of prescription, and on the merits.
The plea of estoppel rests upon the ground that, in Smith v. Phillips, Sheriff, et al., 168 La. 406, 122 So. 126, plaintiff asserted his entire claim against Phillips, sheriff, and the Minden Hardware & Furniture Oompany, which, it is urged, estops plaintiff to urge now the same claim against appellant, based upon a -different state of facts. It will be observed by reference to the cited case that, not only was appellant unsuccessful in it, but that this court, in effect, pointed out that the proper course for plaintiff to pursue was the present one. It suffices, in overruling the plea of estoppel, to say that a person is not estopped by pleadings unsuccessfully urged. Behrman v. Louisiana Railway & Nav. Co., 127 La. 775, 54 So. 25; Godwin v. Neustadtl, 47 La. Ann. 841, 17 So. 471.
 The pleas of prescription filed are those of one, three, and five years. One who receives what is not due him, whether he does so through error or knowingly, obliges himself to restore it to the one making the payment. Civil Code, art. 2301. There arises from such receiving a quasi contract to return what was so received. The action to recover the amount is prescribed only by the prescription of ten years, relating to all personal actions, except those otherwise provided for. Civil Code, art. 3544. The pleas urged are not well founded.
As to the merits, the evidence fully discloses that appellant received the amount, for which judgment was rendered below, from the clerk of court, in the execution of a judgment against plaintiff, which was later reversed on appeal. Plaintiff is therefore entitled to recover.
The lower court, in rendering judgment for plaintiff, allowed him 5 per cent, per annum interest from May 20,1929, the date this-proceeding was filed, instead of from February 23, 1924, the date appellant received the' money, and the one from which plaintiff prayed in his petition for interest. Plaintiff, in his answer to the appeal, has prayed that the judgment be amended by awarding him 5 per cent, yearly interest from February 23, 1924, until paid. Interest began to run from the date the money was received, for then, as appellant was not entitled to it, as afterwards, developed, it became due.
Plaintiff has also asked for 10 per cent, damages for a frivolous appeal. It suffices to say that, as he has prayed for an amendment to the judgment, he, under well-established jurisprudence, is not entitled to these damages.
The judgment appealed from is amended' by making the 5 per cent, yearly interest allowed run from February 23, 1924, instead of May 20, 1929, and, as thus amended, it is-affirmed, at appellant’s costs.