### SUCCESSION OF COLES v. PONTCHARTRAIN APARTMENT HOTEL OF NEW ORLEANS et al.*

#### No. 16437.

Court of Appeal of Louisiana. Orleans.

Jan. 25, 1937.

Brian & Brian, of New Orleans, for appellant.

Montgomery & Montgomery, of New Orleans, for appellee Mutual Life Ins. Co. of New York.

Lazarus, Weil & Lazarus, of New Orleans, for appellee Apartment Corporation.

JANVIER, Judge.

Plaintiff, administrator of the estate of Stricker Coles, appeals from a judgment dismissing, on a plea of misjoinder of parties-defendant, his suit in which he seeks solidary judgment for $907.87 against Mutual Life Insurance Company of New York and the Apartment Corporation, owners of an apartment building located in New Orleans and known as the "Pontchartrain Apartment Hotel." In the original petition the Apartment Corporation is improperly called "Pontchartrain Apartment Hotel" of New Orleans, and this has been corrected by amendment. The petition alleges that Stricker Coles had been a life insurance solicitor for the Mutual Life Insurance Company of New York and that, at the time of his death on September 9, 1932, there were in existence certain policies sold by him and issued by the said insurance company on which there accrued, after his death, premiums for subsequent years, certain portions of which premiums were due to the said Coles as commissions; that when Coles died the Apartment Corporation held certain notes made by him which were secured by assignment executed by Coles in which he had transferred to the said apartment corporation all of his right and interest in and to the said commissions; that when the said commissions became due they were paid to the extent of $907.87 by the insurance company to the apartment corporation under the said assignment; that the said payment was made without any order of court and without any proceedings whatever looking to the administration of the succession of the said Coles; that the said Coles left no other property or assets of any character whatsoever, and that, therefore, Mrs. Coles, his widow, who has no property in her own right, was and is a widow "in necessitous circumstances" and, as such, is entitled to a privilege against said estate to the extent of $1,000, which claim has, because of the provisions of article 3252 of the Civil Code, a preference and priority over all other claims of whatever kind or character; that, as a result,

the said defendants, which, with knowledge of the death of Coles, have taken the said fund in charge "without authority * * * with intent to convert the same to their own uses," are "liable for the return thereof to * * * petitioner as administrator of the said succession."

Defendants filed various exceptions and also pleas of misjoinder of parties defendant. These pleas of misjoinder were sustained, and plaintiff has appealed from the judgment dismissing her suit.

Defendants maintain that, since there is no allegation that they conspired together to deprive the succession, or to deprive Mrs. Coles of the right to the fund in question, they may not be sued solidarily for the same debt; that, if due at all, the debt is due either by the one or by the other, but that it cannot be due by both and that, therefore, solidary judgment may not be rendered against them and that, since this is true, they may not be joined as defendants in the same proceeding.

Plaintiff submits that "the test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject matter of the suit," citing Reardon v. Dickinson, 156 La. 556, 561, 100 So. 715, 717. In that case the Supreme Court quoted with approval what had previously been said in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, to wit: "We have to be guided in that regard by the well-settled rules of pleading as found in the books of common law, according to which a large discretion is left to the court; the aim being to avoid a multiplicity of suits, while not permitting parties to be joined who have not a common interest."

Counsel also relies on Smith v. Phillips, 171 La. 291, 131 So. 23; State v. Parish Committee, 173 La. 844, 853, 138 So. 857, and on Carona v. Cangemi, 13 La.App. 699, 129 So. 189, 190, in which latter case we said: "It is obvious that neither plaintiffs nor defendants have a common interest in the subject-matter of this suit, and that this is the test which must be applied in considering a plea of misjoinder."

Defendants-exceptors concede the soundness of the principles followed in all of the said cases cited and relied on by plaintiff and, in fact, rely themselves on those same principles, contending, however, that here the interests of the defendants are not the same and are, in fact, diametrically opposed.

In the Reardon Case, supra, which is cited in many of the other decisions, the court said: "Where there is a common interest in the subject-matter of the suit, and where the cause of action arises from the same common source, joinder will be permitted; otherwise it will not."

Similar language is to be found in Riggs & Bro. v. Bell et al., 39 La.Ann. 1030, 3 So. 183, 184, a much-cited case, in which the court said that defendants may be joined "where the causes have a cognate origin, and they have a common interest to be adjudicated upon."

To some extent, at least, the defendants have a common interest in defending this suit. It is quite obvious that there was no intentional attempt on their part to disregard any rights which Mrs. Coles may have had and, therefore, it is true that they were not conspirators in an attempt to deprive her of those rights. Nevertheless, if she is correct in her contention that she is entitled to a privilege on the fund in question, then the insurance company should not have paid over the said money to the apartment corporation because, by reason of the codal articles referred to, her claim as widow in necessitous circumstances had precedence over that of the assignee. Therefore, if she can prove the facts alleged, she may recover from the insurance company, which she charges with knowledge of her husband's death and which, without legal authority, has disposed of funds of her husband's succession. And it seems equally clear that, if the insurance company should not have paid the money to the apartment corporation, then the latter, which she also charges with knowledge of the said death, may be held liable to the former for the return of the said money if the former—that is to say, the insurance company—may be held liable primarily. Thus, the two corporations have a joint interest in defeating the claim of the plaintiff. Though the cause of action against the one is based upon the receiving of money of the succession, while that of the other is based upon the paying over of the said money, and though it is true that to this extent the causes of action may differ, surely, since they grow out of the same fact, they may be said to have a cognate origin.

Nor will it do to say that, because they may not both be liable, they may not be joined as codefendants in the same suit. It is true that there may be some question

as to which is liable, since both acted apparently in good faith. It may be extremely difficult to determine, as a matter of law, whether the plaintiff, in such situation, must pursue the corporation which has disposed of money belonging to her, believing, in good faith, that it was actually due to the corporation to which it was transferred, or may proceed directly against the corporation which, in good faith, received it.

██ Counsel for defendants point out this difficulty and argue that each defendant is interested in maintaining its own freedom from liability and in having it determined that liability, if there is any, should be .fixed directly upon the other and that, therefore, they are not interested in a common defense. But primarily they are both interested in a common cause, though later, if either is held liable, they may find it necessary to litigate between themselves concerning ultimate liability. We cannot see how harm can come to either defendant if they be joined as parties defendant, whereas, on the other hand, if it be required that this suit be dismissed and that plaintiff bring a new suit against either, but not both of the defendants, unnecessary expense and delay must be sustained and great prejudice may result to plaintiff if, by chance, she pursues the wrong party. Where there is grave doubt as to which party should properly be made defendant, the "rules of joinder in the alternative are liberally construed, as embodying a device of convenience." Corpus Juris, vol. 47, verbum Parties, § 154, p. 75. Though it has been held that the rule of liberality in such cases "does not authorize a joinder in the alternative of defendants, against whom distinct causes of action are asserted," the causes of action asserted here against the two defendants are not so distinct as to require that they be asserted separately in different suits.

If "A" has a thing belonging to "B" and he gives it to "C," surely "B" may sue either "A" for disposing of his article, or "C" for receiving it. That is what is sought to be done here.

██ That rules as to joinder of defendants should be construed liberally and not so applied as to work undue hardship and to cause a multiplicity of suits is stated in Corpus Juris, vol. 47, verbum Parties, § 148, in which is found a reference to the rule concerning the interpretation of statutes governing joinder of parties defendant. It reads as follows: "A statute relating to the joinder of parties should be liberally construed to avoid unnecessary litigation."

This is the rule in equity and the purpose of it, as stated in Corpus Juris, is to prevent a multiplicity of suits about the same subject matter and to settle complicated controversies in one action, if practicable. As we have already remarked, by permitting both parties to be made defendants here, they may, by proper pleadings settle between themselves any differences as to ultimate liability, if there is primary liability. The plaintiff, at one and the same time, may have it determined which of the two defendants is liable, or whether both are liable solidarily. We think that the ends of justice will best be served by permitting both defendants to be sued.

It is therefore ordered, adjudged, and decreed, that the judgment appealed from be and it is annulled, avoided, and reversed, that the plea of misjoinder be and it is overruled, and that the matter be and it is remanded to the Civil District Court for the parish of Orleans for further proceedings consistent with this opinion.

Reversed and remanded.