Plaintiffs, James T. Pryor and Mrs. Debet Pryor Hampel, two of the heirs of Jesse S. Pryor, deceased, brought suit against Mrs. Carrie Wade Pryor, Mrs. Blanche Pryor Desha, Miss Georgia Pryor and Wade K. Pryor, the surviving widow and the remaining heirs of their said deceased father, for the purpose of setting aside certain sales of specific parcels of property belonging to the Succession of Jesse S. Pryor, made by their mother as tutrix, and in which the other heirs joined for the purpose of conveying their interest. The sales themselves appear to have been somewhat in the nature of a partition, since the mother, for herself and as tutrix of these plaintiffs, who were minors at the time of the sales joined with two of the remaining children in conveying specifically described tracts of land to a third child in each of the three sales which are attacked.
This is a companion suit to the case of Pryor v. Desha,204 La. 575, 15 So.2d 891, in which the facts involved in this case are set forth in detail.
Numerous exceptions were filed on behalf of the defendants in this suit, and the district court rendered judgment sustaining exceptions of misjoinder of causes of action and of parties defendant, and dismissing plaintiffs' action as of non-suit, from which judgment plaintiffs prosecute this appeal.
In their original petition plaintiffs prayed for judgment recognizing petitioners and defendants to be owners of the property described in the petition, in the proportions set forth, as the widow and heirs of the decedent, and for a partition in kind of the said property between petitioners and defendants.
A supplemental petition amended the prayer of plaintiffs' original petition by changing the character of relief sought. In this amendment plaintiffs prayed for judgment annulling and setting aside the three specific deeds of conveyance complained of, on grounds of simulation, lack of consideration, and fraud of petitioners' rights. The prayer of the original petition for judgment as to the proportions of ownership in the property and for partition in kind was reiterated in the amended petition.
The record does not contain any written assignment of reasons for the opinion of the lower Court, and the judgment itself simply indicates that both the exceptions of misjoinder of parties defendant and of cause of action were sustained.
[1] It is conceded in brief of plaintiffs' counsel that there no longer exists any controversy between plaintiffs and the defendants, Mrs. Blanche Pryor Desha and Miss Georgia Pryor, an "adjustment having been made with these parties". There appears in the record a motion by plaintiffs to dismiss the suit as against the defendants, Mrs. Blanche Pryor Desha and Miss Georgia Pryor. But, this motion was not filed until April 14, 1944, the same day upon which judgment of the Court was signed dismissing suit on the exceptions, and the minutes of the Court are silent as to any action upon the motion to dismiss. For this reason, as far as our consideration of the matter is concerned, the motion to dismiss cannot be entertained, and we must perforce examine the matters as between all parties.
[2] Dealing first with the exception of misjoinder as to parties defendant, we find ourselves unable to concur in the ruling of the lower Court sustaining this exception. The test which determines whether the *Page 833 
parties, plaintiff or defendant, are properly joined in an action is that of common interest. Delesdernier Estate v. Zettwoch, La. App., 175 So. 137; Reardon v. Dickinson,156 La. 556, 100 So. 715; Gill v. City of Lake Charles, 119 La. 17, 43 So. 897; Succession of Coles v. Ponchatrain Apartment Hotel, La. App., 172 So. 28.
[3] In the case before us, there can be no question but that the defendants all had a common interest in the subject matter of plaintiffs' litigation, and, further, this interest stemmed from a common source, which was the negotiation of allegedly simulated transactions in which all the parties defendant were involved. This being true, we see no reason for forcing plaintiffs to bring separate actions against the several defendants.
Learned counsel for defendants, conceding the above rules and the authorities in support thereof, urges the diversity of interests of the defendants, but we are unable to follow this argument, and, on the contrary, are firmly of the opinion that the interests of the several defendants are not opposed; that they arose from the same series of transactions, of the irregularities of which plaintiffs complained, and except for proportions of interest and the change in status of the several defendants, as vendors in some instances and vendees in others, we find no diversity of interest, and, certainly, nothing of any character which would prejudice them in jointly asserting whatever defenses they may have against plaintiffs' action.
[4] On the exception as to misjoinder of causes of action, it is argued on behalf of defendants that plaintiffs' action seeks to set aside three separate sales involving the conveyance of individual interests between the four defendants, and that the joining in one action is improper in that the effect would be not only to set aside the sales with reference to the interests of plaintiffs, but also with regard to the various interests of the defendants in the separate transactions. We believe this point to be well taken. Whatever may be the right of plaintiffs to set aside an allegedly simulated sale of their own interests, and upon this point we express no opinion, they certainly have no standing in Court to join with this right an action which would set aside in toto the conveyance of the whole interest, including the interest of the mother, as widow, and of their co-heirs, defendants in this suit.
[5] Not only have the plaintiffs sought to set aside in their entirety the deeds attacked, but they also seek judgment which would return the properties into an undivided ownership between the widow in community and the heirs of the decedent, and, even further, they prayed for judgment decreeing a partition in kind. There can be no question as to the conclusion that the combination of these several actions in one proceeding is fatal. In the first place, the action of plaintiffs must be limited to an annulment of the conveyances only insofar as the respective interests of the plaintiffs are affected. These plaintiffs cannot complain, and, certainly, they have no standing to attempt to set aside the acts of their mother and their co-heirs in disposing of their own individual interests.
[6] In reality, the exception in this case is perhaps more in the nature of exceptions of no right or cause of action than an exception of misjoinder. In truth, the pleading, which we have come to call an exception of misjoinder of actions, is in reality an exception directed at the wrongful cumulation of actions, which description, we believe, is more appropriate and more accurate. However, since defendants have chosen to use the nomenclature of misjoinder, and, since, in our opinion, the defects in the action are reached by such an exception, the effect of the pleading is the same. Certainly, an action to set aside the conveyance of undivided interests in property is not consistent with an action to set aside conveyances of the whole interest, another action to specifically recognize and declare the proportions of ownership of all parties, and still another action for a partition in kind.
[7] Courts are inclined to look with little favor upon purely technical objections to procedure, particularly in those matters where the result might produce a multiplicity of actions. But a multiplicity of actions in one suit will not be condoned on the sole ground that such a combination might result in avoidance of a multiplicity of separate actions.
For the reasons set forth, the judgment appealed from, insofar as it maintained defendants' exception of misjoinder of causes of action and dismissed plaintiffs' suit as of nonsuit, is affirmed at appellant's cost. *Page 859