The causes of action alleged upon in this case arose out of a collision between the Ford coupe of plaintiff, Clyde O. Tucker, and an oil tank truck of defendant, Roy Snyder, in the broad daytime on the 18 foot concrete highway, four miles north of Delhi in the Parish of Richland. The coupe was then being driven by its owner, accompanied by his brother, M.E. Tucker, and was traveling northerly. The truck was being operated by one Carl Hartley, employee of Snyder, and was going southerly. Clyde O. Tucker sued to recover the value of his car. He and M.E. Tucker each sued to recover damages for physical injuries sustained by them, respectively, in the accident, and for loss of wages. Snyder *Page 161 
and his insurer, the Indemnity Insurance Company of North America, are impleaded as defendants.
The negligence of the driver, Hartley, it is alleged, solely brought about the accident. Specifically, it is charged that as the vehicles approached each other each was on its side of the road until when about 100 feet apart, the truck, without warning, crossed the medial line of the concrete and encroached upon the eastern side thereof, at the time so close to plaintiff's car that he had not the time or opportunity to veer to the right to avert the collision that ensued.
In limine, defendants excepted to the petition on the ground of improper joinder of plaintiffs and cumulation of actions. The exceptions were overruled and are re-urged here.
Defendants deny that the accident occurred from the negligence or carelessness of the truck driver. They plead that the collision of the vehicles may be solely accredited to the negligence of Clyde O. Tucker, the operator of the coupe, in that, while intoxicated and driving at a reckless and unlawful rate of speed under prevailing conditions, he veered the coupe to his left, crossed the medial line and side-swiped the truck. They further aver that M.E. Tucker was also under the influence of liquor and acquiesced in the manner and method the coupe was then being operated. Alternatively, in the event it should be found and held that the truck driver's negligence to any extent contributed to the accident, defendants aver that the negligence of plaintiffs, in the respects above mentioned, bar recovery by either of them.
At the conclusion of the trial the lower court, without further ado, denied judgment to either plaintiff and dismissed their suit. They appealed to this court.
[1] We are of the opinion that the exceptions were properly overruled. Of course, if there is no misjoinder of parties the objection to the cumulation of actions automatically falls.
The only court ruling cited by appellees to support their position on the exceptions is that of this court in Pryor et al. v. Pryor et al., La. App., 22 So.2d 831. We adhere to the principles therein announced, but because of wholly dissimilar facts that case can have no controlling influence in the present one.
The Code of Practice, while quite comprehensive as regards matters of practice, is silent as to misjoinder and non-joinder of parties. The courts have found it necessary to pioneer on the subject as cases arise wherein these exceptions are tendered for decision. Largely, each case is determined from its own peculiar facts. The desire to obviate a multiplicity of suits plays an important part in determining the merits or lack of merits of such exceptions.
In the present case the alleged causes of action arose out of the same transaction. The evidence in support of both claims is the same. The defenses to each action are practically identical. The plaintiffs have a common interest in the subject matter of the suit, and, of course, its outcome. When these facts and conditions are present, there is no improper joinder of plaintiffs.
This question was considered and discussed at length by the Orleans Court of Appeal in Succession of Coles v. Pontchartrain Apartment Hotel of New Orleans et al., La. App., 172 So. 28. Authorities bearing on the question are cited and quoted from, including Reardon et al. v. Dickinson et al., 156 La. 556-561, 100 So. 715-717, wherein the law on the subject is declared to be: "Where there is a common interest in the subject-matter of the suit, and where the cause of action arises from the same common source, joinder will be permitted; otherwise it will not."
And, in Riggs v. Bell et al., 39 La. Ann. 1030, 3 So. 183, 184, the court said: "* * * where the causes have a cognate origin, and they have a common interest to be adjudicated upon," different may be joined and actions cumulated.
It is difficult to conceive how an accident of the character as that involved in this case could have happened at the time and place it did happen. The road is straight for quite a distance above and below the locus of the accident. There was nothing to interfere with or obstruct the view of either driver toward the other when possibly 300 yards apart. The weather was *Page 162 
clear. The accident would not have happened but for the gross negligence of one or both drivers. Evidently the trial judge was clear in the opinion that the accident was solely the result of negligence of Clyde O. Tucker.
The tank of the truck rested upon a flat bed that extended a few inches beyond the perpendicular line of the dual wheels. The forward left corner of this bed scraped the hood and cowl of the coupe. The left front whel of the coupe collided with the left rear wheel of the truck and collapsed. The coupe continued up the road for nearly 150 yards, left it and turned over.
Plaintiffs live in the City of Shreveport, a distance of approximately 150 miles from where the accident happened. They were en route to a point in southern Arkansas where each owns a farm. In Bossier City, across the river from Shreveport, they purchased a pint of whiskey, a small part of which had not been consumed when the collision occurred. Each of them admitted having imbibed from the bottle. While they were in the bus station in Delhi the conduct of Clyde Tucker was such as to convince those who observed him that he was to a material extent under the influence of liquor. An officer was telephoned to come to the place, and on learning of this, his brother hustled him into the coupe and they departed before the officer arrived. The accident occurred within a few minutes thereafter.
We are convinced that immediately prior to the collision the coupe was being driven at a speed not less than 60 miles per hour. It is not established that the truck was traveling at an excessive speed, likely not over 35 miles per hour. The excessive speed of the coupe is not debatable. This is proven by the distance it ran, with left wheel drum dragging the pavement, as said before, about 150 yards, after the collision. It was for this distance out of control.
About 40 yards south of the locus of the accident and at the time thereof, there was parked on the east side of the road, parallel thereto, a truck of the Louisiana Highway Department, about which was a crew of workmen, shoveling dirt into it. Both plaintiffs admit that they gazed at the truck and men at work as they passed them. Clyde O. Tucker testified that as he passed this truck he realized that the defendant's truck "was right on" him, with body extending over the meridian line, and adds: "Had I known he was on my side of the road, I could have watched this truck, but I watched this truck on the side of the road and watching my side of the road until it was too late. I couldn't get out of the way." He further testified:
"I didn't notice he was on my side of the black line until about the instant he hit. I figured he was apparently on his side of the road.
* * * * * *
"I didn't realize he was on my side of the road. When you are going down the road you don't figure on anyone coming on the wrong side of the road. Him being over the black line twelve or eighteen inches was not noticeable at a distance."
This testimony certainly convicts Clyde Tucker of the grossest sort of negligence. Even if what he says about the truck being 14 or 18 inches over the middle line of the road be true, he had ample opportunity of averting the collision had he been keeping a proper watch on the road ahead of him. He was driving a light vehicle, easy of being maneuvered out of danger of collision with the on-coming truck, had he been then in a normal mental condition, and had he not been driving at an excessive rate of speed. However, we are not convinced that the positions of the vehicles, with respect to the middle of the road at the time of the accident, were as related by Clyde Tucker. Some of plaintiff's own witnesses testified that both vehicles were "hugging" the black line too closely. The testimony of Clyde Tucker, on its face, discloses that he is not clear; in fact, is confused, as to exactly how the accident occurred. The testimony of M.E. Tucker is less free of uncertainty and ambiguity. He admits that he did not see the Snyder truck until 100 feet from it. The truck and men beside the road engaged his attention until a moment prior to the collision.
The testimony of the truck driver sounds reasonable. He testified that at no time, after observing the coupe about one-fourth *Page 163 
of a mile away, did he drive his vehicle east of the medial line; that when he first noticed the coupe it was on its proper side of the highway. He further testified as follows:
"Q. As he passed this highway truck he swerved * * * A. To the middle of the road.
"Q. And then he cut back? A. To his own side.
"Q. And then swerved back in? A. I assumed traveling the speed he had the momentum of the car over-controlled him and he cut back too sharply and came back in the road again.
"Q. Had he slackened his speed any? A. No, sir."
A reasonable deduction to make from the testimony of Clyde Tucker and the driver of the truck, as well as of the other witnesses in the case, is this:
When the plaintiffs passed the highway truck, the coupe was to some extent veered to its left, and, naturally, then to its right, and for some reason, possibly the influence of liquor, it was again pulled to its left and too far to avert colliding with the oncoming truck. The record, we believe, warrants the conclusion that the coupe was not approaching the truck, immediately prior to contacting therewith, on a parallel line, but at a slight angle. This explains why the truck's left fender and wheel were not damaged and also explains why the left wheel of the coupe violently came in contact with the left rear wheel of the truck.
It is also of some significance that the greater part of the dirt and mud that fell from the vehicles was west of the middle line of the concrete.
It is also of some moment that the day following the accident, M.E. Tucker, with Clyde Tucker's knowledge, and tacit, if not express, consent, voluntarily paid to Mr. Snyder the amount of damages done to the wheel of his truck.
[2, 3] Plaintiffs carried the burden of proving that the negligence of the truck driver was the proximate cause of the accident. They have failed to do this.
[4] The rule, oft expressed and firmly imbedded in the jurisprudence of the appellate courts of this state, that on factual issues the rulings of the trial judge, unless manifestly erroneous, will not be disturbed, finds appropriate application herein.
For the reasons herein assigned, the judgment appealed from is affirmed and plaintiffs are cast for all costs.