282 So.2d 574 (1973)
COLONIAL PRODUCTS COMPANY
v.
PARK PLACE HOMES, INC.
No. 5573.
Court of Appeal of Louisiana, Fourth Circuit.
August 21, 1973.
Rehearing Denied September 26, 1973.
Jacob L. Karno, Allen Katz, Metairie, for plaintiff-appellee.
James J. Morrison and James J. Morrison, Jr., New Orleans, for defendantappellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a default judgment in the amount of $5,316.06 taken by plaintiff-appellee Colonial Products Company against defendant-appellant Park Place Homes, Inc. The judgment was rendered September 1, 1972.
Plaintiff, in obtaining the default judgment, relied upon LSA-C.C.P. Art. 1702 which reads as follows:
"Art. 1702. Confirmation of default judgment
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
"When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
Plaintiff contends that this is a suit on open account and accordingly produced the itemized statement of account and an affidavit of correctness. Defendant contends that plaintiff has not submitted the necessary proof to establish the existence of an open account and hence the trial court erred in granting a default judgment based on LSA-C.C.P. 1702, supra.
The facts are that between February 19, 1971, and April 8, 1971, defendant made purchases of furniture from plaintiff totaling $6,956.06. The record shows that four separate invoices were prepared and delivered to defendant. The dates and amounts involved in each invoice are as follows:

 DATE AMOUNT
 Feb. 19, 1971 $ 958.36
 Feb. 19, 1971 5,287.30
 March 26, 1971 421.10
 April 8, 1971 289.30
 __________
 $ 6,956.06

The record also shows a credit of $1,640.00, leaving a balance due of $5,316.06. *575 These invoices bear different purchase order numbers.
Defendant argues that credit was extended for a single purchase under a single specific contract and that in such a situation an open account does not arise. Defendant cites a number of cases to support this contention including Dundee Tailoring Company v. Jefferson Davis Parish School Board, 264 So.2d 316, (La.App. 3rd Cir., 1972), Troendle v. Boudreaux, 246 So.2d 732 (La.App. 4th Cir., 1971). He refers to certain written documents as the basis for this contention but they are not in evidence or even in the record. The court, however, is of the opinion that on the record before us we are not dealing with a single purchase under a single specific contract. We have here a situation where there have been running or current dealings between the parties and the account has been kept open with the expectation of further dealings. Therefore we conclude that an open account does exist in the case at bar and plaintiff was entitled to a default judgment under the provisions of LSA-C.C.P. Art. 1702. This is clearly shown by an examination of plaintiff's May 22, 1972 statement of account which establishes the nature of the account in question. The statement reads as follows:

 DATE REFERENCE CHARGES CREDITS BALANCE.
 1971
 6/8 00001 $820.00
 6/11 00002 820.00
 2/19 53235 $ 958.36
 2/19 53126 5,287.30
 3/26 55369 421.10
 4/8 56134 289.30
 _________ _________
 $5,316.06

For the above reasons the default judgment is affirmed with appellant to pay all costs of this appeal.
Affirmed.