415 So.2d 540 (1982)
Succession of George E. JULIEN
v.
James A. WAYNE.
No. 14879.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*541 C. Ellis Henican, Henican, James & Cleveland, New Orleans, for plaintiff-appellant.
Alan J. Robert, Gonzales, for defendant-appellee.
D. Mark Bienvenu, Voorhies & Labbe, Lafayette, for C. Ellis Henican, defendant-in-reconvention-appellant.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
Mrs. Mary Barra, widow of George E. Julien and the administratrix of his estate, on behalf of the decedent's succession filed a petition entitled, "Petition for Return of Funds with Accounting" against her former attorney, James A. Wayne. The trial court sustained an exception of prescription, and plaintiff has appealed.
It is the characterization of this action and the applicable prescriptive period which is at issue on this appeal.

FACTS
The suit arose when Mrs. Barra investigated the actions of Wayne and believed that Wayne, while attorney for the succession, had moved the court for and received certain monies which he claimed as legal fees, but to which he was not entitled. Mrs. Barra filed suit to require an accounting of the legal services performed by Wayne, and for judgment in the amount of $8,000.00 (the amount for which Wayne successfully moved the district court), plus legal interest from the date the money was received by Wayne. The payment for which the plaintiff sought a return was approved February 4, 1976. The instant suit was filed February 28, 1980.
The defendant filed the peremptory exception of prescription, arguing that the three year prescription of La.Civ.Code art. 3538 applied and that the claim had prescribed accordingly.[1]

TRIAL COURT
The trial court held that the plaintiff's characterization of this suit determined the applicable prescriptive period, and that since plaintiff asked for an accounting, the applicable prescription was set forth in La. Civ.Code art. 3538 as it relates to "all other accounts." The trial court stated in its reasons for judgment that the instant action could only be classified as a suit on open account, and found same prescribed by the passage of three years.

SPECIFICATION OF ERRORS
The appellant basically argues that the trial court incorrectly characterized the suit as one on open account, and that the trial court erred in applying the three-year prescription of La.Civ.Code art. 3538 to the instant action.

LAW AND ARGUMENT
Plaintiff-appellant contends that this suit is one based on contract. Thus, plaintiff argues, the 10-year prescription for "all personal actions, except those before enumerated" (C.C. art. 3544) applies, and the claim has not prescribed. The trial court held that La.Civ.Code art. 3544 did not apply because plaintiff neither alleged nor proved that a contract existed between *542 the parties. However, the existence of an attorney-client relationship has been alleged and admitted in the defendant's answer,[2] so the relevance of alleging an actual contract in determining the applicable prescriptive period is not readily apparent.
The characterization which a plaintiff gives his suit determines the applicable prescriptive period. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972); Bernard v. Air Logistics, Inc., 407 So.2d 469 (La.App. 1st Cir. 1981).
The trial judge apparently believed that since the word "accounting" was used in the title of the petition, that the suit was one on an open account. However, it is fairly obvious that this is not an open account situation, since there have been no running or current dealings between the parties, with the expectations of further dealings. See Colonial Products Company v. Park Place Homes, Inc., 282 So.2d 574 (La.App. 4th Cir. 1973). Nor does this suit fall within the category of La.Civ.Code art. 3538 of "all other accounts." The illustrations found in La.Civ.Code arts. 3534 (one year prescription) and 3538 are all for actions seeking to recover for services rendered, merchandise sold or money lent. The phrase "all other accounts" makes the listing in Article 3538 illustrative rather than exclusive. Plaintiff's action is not for services rendered, merchandise sold or money lent, thus 3538 is inapplicable.
This suit falls under the characterization of a claim for restitution under La. Civ.Code art. 2301 et seq., "Of the Payment of a Thing Not Due." What Mrs. Barra is alleging is that Wayne was paid legal fees which were not due to him, and she is asking for a return of same. A claim for restitution of payment not due is based on the doctrine of quasi-contract, which prescribes only by prescription of ten years, under La.Civ.Code art. 3544. State ex rel. Guste v. Estate of Himbert, 327 So.2d 698 (La.App. 1st Cir. 1976); writ den. 330 So.2d 308, 311 (La.1976); Smith v. Phillips, 175 La. 198, 143 So. 47 (1932); Lagarde v. Dabon, 155 La. 25, 98 So. 744 (1924).
In Roney v. Peyton, 159 So. 469 (La.App. 2nd Cir. 1935), amended 160 So. 131 (La. App. 2nd Cir. 1935), the receivers of a corporation sued a creditor of the corporation's president, alleging that the president had partially paid his personal debt with a mortgage note in favor of the corporation. The receivers demanded that the defendant-creditor account for and pay over all money collected by him under the note after it was assigned to him. The Second Circuit stated in pertinent part,
"In passing upon the pleas of prescription, it is necessary to determine whether the action, as brought, is one in tort or upon a quasi contract. The form of an action is governed by the prayer of the petition. In the present case, the demand is not for damages, but for an accounting and the return of a specific sum of money received by defendant, rightly belonging to and for the benefit of plaintiffs....
"Plaintiffs having elected to sue for money had and received, and not for damages, their action is quasi contractu and is subject to the prescription of ten years. Revised Civil Code, article 3544; Smith v. Phillips, 175 La. 198, 143 So. 47." 159 So. 469, 470, 471.
The prayer of Mrs. Barra is for return of a specific fund (with accounting) and for legal interest from date of payment. This particular form of interest is specifically mentioned in the articles on payment of a thing not due in La.Civ.Code art. 2311, and is available if the payee is lacking good faith.
In oral argument, counsel for defendant questioned how long must an attorney maintain files in order to defend a suit such as this. We note that La.Civ.Code art. 3544 et seq. would seemingly require many individuals to maintain files for 10 years or *543 longer in order to adequately defend certain types of actions. However, it is important to remember that plaintiff must prove her case by a preponderance of the evidence before she can obtain judgment.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Wayne also filed a reconventional demand against plaintiff, C. Ellis Henican, plaintiff's current counsel, and XYZ Insurance Company, Henican's professional liability insurer (whose actual name was unknown to plaintiff-in-reconvention), alleging that the petition of plaintiff defamed him. This incidental action is not before the court.
[2] The defendant's answer admits that Wayne was engaged by plaintiff to represent her late husband's estate. Thus, an attorney-client relationship existed even in the absence of a formal contract.