CULPEPPER, Judge.
This is a companion case to Management Research, Ltd. v. Taylor, 373 So.2d 755, in which a separate judgment is being rendered by us this date. The present case is for workmen’s compensation benefits for total and permanent disability resulting from a fractured hip sustained by plaintiff when thrown from a horse while working on defendant’s cattle farm. The companion case is by the physicians and the hospital against the injured employee for medical services. In the companion case, the employee filed a third-party demand against the defendant employer to recover the medical expenses. The two cases were consolidated for trial.
In the present case, the trial judge awarded plaintiff benefits for temporary total disability for a period of six and one-half (6*/2) months, plus penalties and attorney’s fees of $1,500. In the companion case, judgment was rendered in favor of the doctors and against the employee for the sum of $922 due on open account for medical services furnished, together with 7% interest and 25% attorney’s fees from the date of demand. On the third-party demand, judgment was rendered in favor of the employee and against the employer for a like amount. The defendant appealed.
The principal issue is whether plaintiff was an employee of defendant Foster at the time of the accident. In the companion case, defendant also urges on appeal that Management Research, Ltd. made no appearance at the trial and introduced no proof of the amount due on the open account nor of the amount of a reasonable attorney’s fee.
The facts are that at the time of the accident on June 27, 1976, the plaintiff, Clarence T. Taylor, was 19 years of age and unmarried and was living with his father, Thomas Taylor, on a farm owned by the defendant, Doyan Foster. The farm included about 800 acres and was devoted entirely to the raising of cattle. The herd averaged between 200 and 300 cows. Thomas Taylor was employed by Foster at a salary of $100 per week to live in a house on the farm and care for the cattle.
Thomas Taylor testified that he was authorized by Mr. Foster to hire additional laborers as necessary for a wage of $10 per day, and that he did so on many occasions. He stated that each week when he received his check from Mr. Foster he would tell him how many days were owed for extra labor and Foster would give him either a check or cash and he would pay the laborers.
Thomas Taylor testified further that on the weekend in question Mr. Foster arrived with his family and stayed in their mobile home on the farm. On Saturday, Mr. Foster told Thomas Taylor to arrange to separate nine bulls from the cows on the next day, Sunday. Taylor states that pursuant to these instructions, he told his son at about 9:00 A. M. Sunday morning to saddle the horses needed to pen the bulls. After his son had saddled and mounted one of the horses, it reared up and threw him off and fell on him. Plaintiff’s hip was broken.
Immediately after the accident, Mr. Thomas notified Mr. Foster, who assisted in taking the injured plaintiff to the hospital in Natchitoches.
The plaintiff, Clarence Taylor, testified substantially the same as his father. Clarence stated that he had worked part-time by the day for Mr. Brian, the previous owner of the farm until he sold it to Foster in November of 1975. Clarence testified that he continued to work for Mr. Foster after Foster bought the place, performing such duties as riding horses to care for the cattle, repairing fences, clipping pasture, etc. Plaintiff states that he was paid in cash by his father with money received from Foster. It was plaintiff’s testimony that on the Sunday morning in question, his father told him to saddle the horses and prepare to pen the bulls. After mounting one of the horses near the barn, it reared up and fell back on him.
*755 Several witnesses corroborated plaintiff and Mr. Taylor by testifying that they had seen plaintiff working on the farm on occasions prior to the accident.
Also, plaintiff and his father were corroborated to a degree by the testimony of Dr. Joffrion, who first saw plaintiff after the accident, and by the doctor’s bookkeeper, who testified they understood’from the history given of plaintiff’s injury that he was employed at the time by Mr. Foster. They received this impression because Mr. Foster agreed to pay any portion of the bill for medical services not paid by Mr. Taylor.
Testimony of the defendant, Mr. Foster, is in conflict with that of plaintiff and his father in many respects. Foster testified he had authorized Mr. Taylor to employ only one laborer, a man named Archie Clayton, who lived on the farm. Foster stated that he had expressly instructed Mr. Taylor not to hire any other day laborers. As to the guarantee of the medical expenses, Mr. Foster testified that he agreed to guarantee payment of the medical expenses only because the injured youth was the son of his employee and lived on his farm. Foster denies telling the doctors or anyone at the hospital the youth was employed by him.
It is perhaps also relevant that Mr. Foster did not carry workmen’s compensation insurance covering plaintiff at the time of the accident.
The trial judge gave written reasons in which he considered the conflicting testimony and found as a fact that plaintiff was an employee of the defendant at the time of the accident. We have carefully reviewed the record and find the district judge was not manifestly erroneous nor clearly wrong in this finding of fact.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.