CULPEPPER, Judge.
For the reasons assigned in the companion case of Clarence T. Taylor v. Doyan Foster, 373 So.2d 753, in which a separate judgment is being rendered by us this date, we find that at the time of the accident Clarence Taylor was an employee of Doyan Foster, and that under our workmen’s compensation act Foster is liable for the alleged medical expenses.
On appeal, Foster makes the additional argument that Management Research, Ltd. made no appearance at the trial and introduced no evidence in support of its claim for the amount due on the open account for medical services furnished. We find no merit to this argument. The statements for the medical services rendered totaling $922 are filed in evidence and are corroborated by the testimony of the physicians and their bookkeeper. Demand was made for the payment of this open account on September 11, 1976, and defendant failed and refused to pay. Twenty-five per cent attorney’s fees on the open account is a reasonable amount which the court had the discretion to award under LSA-R.S. 9:2781.
For the reasons assigned, the judgment appealed is affirmed at the costs of the third-party defendant, Doyan Foster.
AFFIRMED.