379 So.2d 43 (1979)
Dr. Lee J. MONLEZUN, Plaintiff-Appellant,
v.
Rhonda FONTENOT, Defendant-Appellee.
No. 7158.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
Levingston, Ezell, Liles & Tynes, Henry R. Liles, Lake Charles, for plaintiff-appellant.
Rhonda Fontenot, in pro. per.
Before CUTRER, STOKER and WARE,[*] JJ.
CUTRER, Judge.
This is an appeal from a default judgment for the amount of $278.50 taken by *44 plaintiff Dr. Lee J. Monlezun against defendant Rhonda Fontenot.
The petition styled "Petition on Open Account" was filed alleging that the indebtedness arose out of medical services which had been rendered to defendant by the plaintiff over a period of time reflected in the itemized account attached to the petition showing a balance of $278.50. The plaintiff also requested an additional amount of 25% attorney's fees. A preliminary default was duly entered. On January 22, 1979, the minutes of the trial court reflect as follows:
* * * * * *
"Dr. Lee J. Monlezun Case called on for confirmation No. 78-7343 of default. Evidence Rhonda Fontenot adduced, and the Court informs Henry R. Liles Esq., counsel for plaintiff that all divisions of this Court have concluded that fees for physicians' services are not open accounts; hence, no attorney's fees will be awarded. On motion of Mr. Liles, the whole matter is withdrawn."
Attached to the petition was a copy of the itemized statement and a copy of a letter of demand along with a returned receipt. Introduced into evidence was an affidavit of correctness executed by plaintiff. Since the trial court ruled that fees for a physician's services could not be considered an open account, the plaintiff could not proceed under the provisions of LSA-C. C.P. art. 1702, which provides as follows:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case....."
"When the sum due is on an open account, ... an affidavit of the correctness thereof shall be prima facie proof....."
Plaintiff's attempt at confirmation was thus withdrawn.
On January 29, 1972, plaintiff filed a Request for Admission of Facts addressed to defendant.[1] The defendant was requested to admit the truth that the plaintiff performed services on her behalf; that she received the invoice for such services in the amount of $278.50; and that such sum was owed by defendant. Notice of same was served on defendant February 9, 1979. No answers to the requests were filed by defendant. On March 12, 1979, plaintiff again appeared in the trial court for confirmation of default. In addition to the itemized copy of the account, pleadings, letter of demand, and affidavit of correctness, the request for admissions was presented to the court and judgment was entered, but the attorney's fees were denied.
The plaintiff contends that the suit is one on open account and that he is entitled to confirm the default under the provisions of LSA-C.C.P. art. 1702, and is entitled to be awarded attorney's fees under the provisions of LSA-R.S. 9:2781. This latter provision reads, in part, as follows:
"When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."
The issue presented is whether LSA-R.S. 9:2781, which allows reasonable attorney's fees to a successful creditor suing on an open account, is applicable to the account owed to plaintiff-physician.
Rhonda Fontenot was apparently a patient of Dr. Monlezun. The ledger summary of Rhonda Fontenot's account filed with the petition, as reproduced below, reflects several visits to Dr. Monlezun with services rendered by the physician. Charges were made for services rendered by plaintiff. The ledger summary also reflects several *45 periodic payments by Mrs. Fontenot.[2] The services extended over a period of approximately one year.
In the case of Colonial Products Company v. Park Place Homes, Inc., 282 So.2d 574 (La.App. 4th Cir. 1973), the court concluded that an open account existed in "a situation where there [had] been running or current dealings between the parties and the account [had] been kept open with the expectation of further dealings."
This description of an "open account" is in accord with the definition found in 1 C.J.S. Accounts, pp. 574-575, which reads as follows:
"An open account is one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. In other words, it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open account transactions not reduced to writing, and subject to future settlement and adjustment....."
In the recent case of Management Research, Ltd. v. Taylor, 373 So.2d 755 (La. App. 3rd Cir. 1979), this court allowed attorney's fees for medical services under LSA-R.S. 9:2781. The suit did not involve a confirmation of default but grew out of medical charges involved in a companion workmen's compensation case, which suit was tried on its merits. Allowing attorney's fees for the collection of physician's fees, this court made the following observation:
"On appeal, Foster makes the additional argument that Management Research, Ltd. made no appearance at the trial and introduced no evidence in support of its claim for the amount due on the open account for medical services furnished. We find no merit to this argument. The *46 statements for the medical services rendered totaling $922 are filed in evidence and are corroborated by the testimony of the physicians and their bookkeeper. Demand was made for the payment of this open account on September 11, 1976, and defendant failed and refused to pay. Twenty-five per cent attorney's fees on the open account is a reasonable amount which the court had the discretion to award under LSA-R.S. 9:2781."
The itemized account herein contains the elements of an open account. There had been a running or current dealing (medical services and periodic payments made therefor) between the physician and patient. The account had been kept open for further dealings (various medical services).
We hold that the medical services rendered herein and the ensuing account of same, constitutes an "open account" and the physician may proceed by default judgment according to Art. 1702 and, having made the proper demand, shall be allowed reasonable attorney's fees according to provisions of LSA-R.S. 9:2781. We conclude that an additional allowance of twenty-five (25%) percent for attorney's fees would be reasonable.
For the reasons assigned, the judgment of the trial court is amended by awarding an additional twenty-five (25%) percent as attorney's fees. In all other respects the judgment is affirmed. Costs of this appeal shall be assessed to defendant-appellee.
AMENDED AND AFFIRMED.
NOTES
[*] District Judge G. BRADFORD WARE, Fifteenth Judicial District Court, participated in the decision of this case as Judge Ad Hoc.
[1] Apparently, the request for admission was necessary to conform with the requirements of LSA-C.C. art. 2277, which provides as follows:

"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
[2] # 10286 SUMMARY LEDGER CARD # 1 CLIENT # 005004
RHONDA FONTENOT FROM 10-01-77 TO 09-28-78
ROUTE 5 BOX 1436 PATIENT PHONE XXX-XXX-XXXX
LAKE CHARLES, LA. 70601 CLINIC LEE J. MONLEZUN, JR. MD. FACOG
 LAKE CHARLES, LA. 70601
DR DATE TRACE---- IDENT---- CODE---- DESCRIPTION---- CHARGE PAYMENT
 10-21-77 00000 AUTO CHG **DR STATEMENT PREPA .50
 11-21-77 00000 AUTO CHG **DR STATEMENT PREPA .50
01 12-19-77 24926 RHONDA FON CA CASH PAYMENT 38.00
01 02-27-78 26297 RHONDA FON 03 6 MONTH EXAM B- 15.00
01 02-27-78 26297 RHONDA FON CA CASH PAYMENT 15.00
01 03-15-78 18602 RHO FON 4647 DEC 200.00
01 03-15-78 18603 RHO FON 0026 MINOR GYN SURGE 100.00
01 03-30-78 21414 RHONDA FON POST POST OP VISIT
01 03-30-78 21414 RHONDA FON INJ INJECTION 6.00
01 04-25-78 32798 RHONDA FON POST POST OP VISIT
01 04-25-78 32798 RHONDA FON CA CASH PAYMENT 10.00
 04-26-78 00000 AUTO CHG **DR STATEMENT PREPA .50
 05-24-78 00000 AUTO CHG **DR STATEMENT PREPA .50
01 06-02-78 33711 RHONDA 4510 PELVIC EXAM 10.00
01 06-02-78 33711 RHONDA 59 WET MOUNT 5.00
01 06-02-78 33711 RHONDA CA CASH PAYMENT 15.00
 06-28-78 00000 AUTO CHG **DR STATEMENT PREPA .50
01 07-19-78 23304 RHONDA FON CK CHECK PAYMENT 20.00
 07-26-78 00000 AUTO CHG **DR STATEMENT PREPA .50
 08-25-78 00000 AUTO CHG **DR STATEMENT PREPA .50
 09-22-78 00000 AUTO CHG **DR STATEMENT PREPA .50
01 09-25-78 27301 RHONDA AX WRITE-OFF 278.50
SUMMARY
 BEGIN BAL CHARGES CHRG-ADJ. PAYMENTS PAY-ADJ. BAL-DUE
 37.00 336.00 4.00 98.00 278.50 .50
***STATUS NOTES-