MARVIN, Judge.
In proper person, the defendant Harris appeals a judgment against him for plumbing work done on his residence which was then occupied by a tenant. The trial court also found that the work was done on an open account and assessed attorney fees. LRS 9:2781.
We find no abuse of the trial court’s discretion in resolving issues of credibility where the evidence conflicted. We view the evidence most favorably toward upholding the judgment, but we must find, however, that the evidence does not prove that the contract for the work, express or implied, was an “open account”. The contract was not open ended either in the sense that it was not settled or that it was or had been a continuing account in which the parties expected to deal further in the future. Monlezun v. Fontenot, 379 So.2d 43, 45 (La. App. 3d Cir. 1979).
Accordingly, we amend the judgment to delete the award of statutory attorney fees and otherwise affirm.
*111 Before this action was instituted, defendant and his wife resided outside Louisiana. Before May 1980, when the work in question became necessary, plaintiff had done plumbing work on the residence, thinking that the tenant was the owner. This earlier work was paid for by the tenant who deducted the cost of the work from the rent.
In May-June 1980, when plaintiff was doing work on a leaking shower, plaintiff learned the residence was owned by Mr. Harris. Plaintiff declined to do further repair without some authorization from the owner. Either from Washington, D.C. or Kentucky where she and her husband were then residing, Mrs. Harris telephoned plaintiff and discussed work that had been done and the work which remained to be done by plaintiff. Plaintiff outlined and estimated the total cost of all work would be $850—$1,-000. Plaintiff also testified that Mrs. Harris ratified and authorized the work and instructed plaintiff to send a bill to the Harris’ address in Winchester, Kentucky. The greater part of the work was completed after Mrs. Harris telephoned plaintiff. Mr. and Mrs. Harris moved to Shreveport before the action was filed and after some demands were made.
Before and after the action was filed, Harris denied that his wife authorized plaintiff to do the work and denied that the work was necessary. An employee of plaintiff who made the inspection and performed the work testified as to the damage that had been caused by the leaking shower and as to the work necessary to correct the problem. Another employee testified about the telephone call or calls from Mrs. Harris. Under these circumstances, it was not error for the trial court to conclude that the work was necessary and was authorized by Mrs. Harris and inured to the benefit of Mr. Harris. The testimony of plaintiffs employees in these respects was uncontradict-ed except by the assertions of Mr. Harris. Neither Mrs. Harris nor a plumber was called to testify by defendant and it was not improper for the trial court to resolve these credibility issues against defendant.
Defendant’s other assignments of error relate to procedural and evidentiary matters. Plaintiff responded to defendant’s subpoena duces tecum “with all of the documents pertaining to [the Harris] account * * * the entire contents of [plaintiff’s] file ...” and offered to allow Mr. Harris to “look at those ... prior to trial.” The trial court suggested “about a 15 minute recess ... and if that’s not enough time, let me know ...” After some unspecified period of recess, defendant responded affirmatively to the court’s question, “Are you ready to proceed?” Therefore, the defendant’s contention of error regarding plaintiff’s response to the subpoena and the “15 minute delay ... before trial” are found without merit. Similarly, defendant’s contention that plaintiff entered into evidence some documents that were not “properly identified” and that the trial court ruled without argument show no abuse of discretion.
In the earlier work on the residence, plaintiff did not deal with the tenant as agent of the owner but as if the tenant were the owner. These dealings may not be used to establish an expected continuity of work between plaintiff and defendant. This record supports only the conclusion that the work done and to be done was necessary and was generally outlined by plaintiff within a given price range, that this work was authorized by defendant and was completed. Monlezun, supra. See also Richards v. Gulfco Electronics Corp., 360 So.2d 609 (La. App. 4th Cir. 1978); Jenkins v. Dicon, Inc., 387 So.2d 649 (La. App. 1st Cir. 1980).
The judgment is amended to delete the award of attorney fees, and, as amended, and at appellant’s cost, is affirmed.
AMENDED AND AFFIRMED.